## THE LAKE STREET ELEVATED RAILROAD COMPANY

*v.*

## KATE BURGESS.

*Opinion filed February 18, 1903.*

1. CARRIERS—*carrier must use high degree of care toward passenger.* A carrier must use the highest degree of care and diligence for the safety of a passenger which is reasonably consistent with the mode of conveyance used.

2. SAME—*party upon elevated railroad platform intending to take train is a passenger.* A party upon the platform of an elevated railroad station, with the knowledge of the company that she intends to take a train, is a passenger when approaching to board the train.

3. TRIAL—*when case against elevated railroad company should go to jury.* A case against an elevated railroad company should go to the jury where the evidence tends to show that plaintiff had been accepted as a passenger and was upon the platform to wait for the train; that the space between the platforms of the cars was usually protected by a trellis gate, which had been removed from the train plaintiff attempted to board, leaving an unguarded hole, into which she stepped, mistaking it, in the dark, for the platform.

4. SAME—*pencil diagram may be used in argument as an illustration.* A pencil diagram purporting to show the station platform, the train of cars and the opening between the car platforms into which the plaintiff fell, may be used in the argument by way of illustration to aid the jury in understanding the evidence.

5. ARREST OF JUDGMENT—*when a motion in arrest of judgment is properly denied.* A motion in arrest of judgment upon the ground that the declaration does not state sufficient facts to show the defendant's duty, is properly denied if the facts omitted are fairly inferable from the facts alleged, and may, from the issue, fairly be presumed to have been proven.

*Lake Street Elevated R. R. Co. v. Burgess,* 99 Ill. App. 499, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

CLARENCE A. KNIGHT, and WILLIAM G. ADAMS, for appellant.

WM. A. DOYLE, and THOMAS E. ROONEY, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the circuit court of Cook county for $2500 in favor of appellee and against appellant, in a suit for damages for injuries received by her while attempting to board a train operated by appellant.

It appears from the evidence that appellee, on the 23d day of September, 1896, boarded a shuttle car of appellant running from Market and Madison streets, and paid her fare, to be carried thence to Austin, a suburb, where she resided, and was taken in this car to the main line of the appellant, at Canal and Lake streets, in Chicago, at which last mentioned point she left the shuttle train to transfer to a train going west on the main line. This shuttle car ran only from the point of starting to Canal street and return, and was used to carry passengers to appellant's main line, at Canal street. The station platform at that place is located between the tracks, which spread at that point, one running on either side of the platform, and is therefore called an "island platform." The platform of the station is on the same level as the platform of the cars, with a space between just wide enough to provide for the clearance of the cars. After the plaintiff had waited a short time at this island platform the west-bound train arrived. This train consisted of three cars and a motor car. Prior to the day before the accident these trains had been propelled by steam, but on account of repairs the motive power had been changed to electricity. She started from the bench on which she had been sitting and walked towards the train. As she approached she observed vacant seats in the rear end of the front or motor car, and her mind was attracted to getting in and getting one of these seats. Although she had ridden over the road seven or eight years, she had not before then entered a train on this line made up and propelled as this one was. She stated that on approaching the train she was calm, was not ex-

cited and was watching and endeavoring to avoid injury, and on account of the darkness mistook the place where the opening was, to be the platform of the front or motor car. It was in the night. The place was dark, and not lighted. The motor car on this side had no platform, and instead of stepping upon the platform appellee stepped between the motor car and the car behind it, fell to the track below and sustained serious injuries. It was alleged in the declaration that the defendant carelessly, negligently, etc., failed to provide suitable safeguards between the cars to prevent passengers, while attempting to board the trains, from being precipitated into the space between the cars.

It is first contended by the appellant that the court erred in refusing to peremptorily instruct the jury to find the appellant not guilty. If appellee was a passenger it was the duty of appellant to exercise the highest degree of care, skill and diligence for her safety consistent with the mode of conveyance employed, as long as she remained a passenger. There was evidence in the record tending to show that this space between the cars was usually protected by a trellis gate, and at the time of the accident the gate had been removed, leaving an unguarded hole that a passenger might, in the dark, easily mistake for the platform of a car; that appellant had accepted appellee as a passenger and had placed her upon this island platform to wait for its connecting car, and that appellant was derelict in its duty in providing appellee this unsafe and dangerous place in which to board the connecting line. Whether or not appellant was negligent in the discharge of its duty or appellee was negligent in not correctly determining whether this was a platform she was stepping on, was a question for the jury.

But it is contended by appellant that appellee was not a passenger, and that appellant's only duty was to exercise ordinary care to prevent injuries that might be reasonably expected to follow from the failure to main-

tain a gate across the opening between the car and plat-
form.   The evidence shows that this island platform, on
which appellee was placed by appellant to take a con-
necting car, was thirty-five feet above the ground, with
trains running on either side, and that she was placed
there by appellant knowing that she would take a con-
necting line on its own system within a short time.   It is
said in *Chicago and Eastern Illinois Railroad Co.* v. *Jennings,*
190 Ill. 478 (on p. 483): "It is not necessary, to create the
relation, that the passenger should have entered a train,
but if he is at the place provided for passengers, such as
a waiting room or platform at the station, with the in-
tention of taking passage and has a ticket, he is entitled
to all the rights and privileges of a passenger."

It is insisted by appellant that the court erroneously
refused its instruction numbered 15.   The substance of
this instruction was given in appellant's instructions
numbered 4½, 10, 11, 16 and 24.

Appellant complains that the circuit court erroneously
admitted a pencil diagram of the cars in evidence, and
incorporates in the record what is said to be an original
pencil sketch purporting to show the rear end of the front
or motor car, the front end of the adjoining car, and the
platform and opening into which appellee claims to have
fallen, and also the station platform.   There was no writ-
ing on the sketch except the words indicating the points
of the compass, and the figure "18" in the space between
the motor car and the front end of the platform of the
adjoining car, and the characters "2½ ft." in the space of
the platform or entrance of the car back of the motor.
Appellant's claim agent was placed on the stand by
appellee and this drawing exhibited to him, and he was
inquired of as to its accuracy, and replied, as far as he
could tell it seemed to be correct.   Afterwards his at-
tention was called more specifically to the sketch, and
he stated that the corner of the motor car did not seem
to be quite as rounding in the sketch as it was in fact,

and that it gave appearance of greater space in the space where appellee claimed to have fallen than was really there, and spoke of other minor inaccuracies. Appellee then offered the sketch in evidence, and upon objection by appellant's counsel the court said: "You offer it as a sketch simply to aid the jury in arriving or understanding their testimony, but not as a correct sketch of the car. It will not be introduced in evidence. You can use it in making your argument, but not to go into the jury room, except there is no better. It may be used, not as a perfect sketch of the car or the location, but as an aid to the jury in understanding the testimony of the witnesses in respect to the cars." The court further said: "Of course, gentlemen, this is not meant as a picture of the car or the location there,—I mean of the location; but any lawyer, or anybody, has a right to sit down with a pencil there and make a sketch of any kind that tends to represent the location and the things in controversy, and that goes in simply as an aid to the jury. It is not intended except as an aid to the jury." It is not contended that the jury was permitted to take this sketch to the jury room, nor can it be seriously contended that it was admitted in evidence. It was used in argument as a means of illustration, and we can see no error in its being so used. *Brown* v. *Galesburg Pressed Brick and Tile Co.* 132 Ill. 648.

It is insisted the declaration is insufficient to support the judgment. The declaration sets forth the relation of passenger and carrier, and avers that it was the duty of appellant to use due and proper care in and about the providing of suitable and proper connecting gates or rails, or other safeguards, to prevent persons from falling between the cars, and that the appellant negligently failed to do so. While the facts showing this duty might have been more fully stated, yet "if, from the issue, the fact omitted and fairly inferable from the facts stated in the declaration may fairly be presumed to have been

proved, the judgment will not be arrested." (*Pennsylvania Co.* v. *Ellett*, 132 Ill. 654.) We think the declaration in this case sufficient to support the verdict, and the motion in arrest of judgment was properly overruled.

Finding no error in the record the judgment will be affirmed.                                    *Judgment affirmed.*