## Cleveland, Cincinnati, Chicago & St. Louis Railroad Co. v. Lucile Scott, by next friend.

1. PASSENGER AND CARRIER—*what essential to allegation of relation of.* It is not necessary in an action on the case for personal injuries, to allege payment of fare by the former to the latter, in order to show such relation.

2. PASSENGER AND CARRIER—*when relation of, exists.* The relation of passenger and carrier may exist, notwithstanding the person claiming to be a passenger has neither paid fare nor provided himself, or herself, with a ticket, since it cannot be presumed at law that a demand by the carrier for the payment of fare would not be complied with.

3. CONTRIBUTORY NEGLIGENCE—*when passenger is not guilty of.* Held, in this case from its particular facts, that contributory negligence was not shown, where the injuries resulted from the sliding down of a window of a railroad car.

4. CONTRIBUTORY NEGLIGENCE—*when children may be guilty of.* Children up to the age of seven years are, as a matter of law, incapable of being guilty of contributory negligence; after that age, they are capable of being guilty of contributory negligence, but whether in any particular case they have been guilty of contributory negligence, is a question of fact to be determined by the jury.

5. INSTRUCTIONS—*must not ignore defense.* Instructions which ignore the defense of contributory negligence, are erroneous.

6. INSTRUCTIONS—*must limit right of recovery to negligence charged.* Instructions are erroneous which fail to limit the right of recovery to the negligence charged in the declaration.

7. CARRIERS—*degree of care required of.* Instructions which undertake to define the degree of care required to be exercised by carriers toward their passengers, must not omit the qualification that such care is such as is practically consistent with the efficient use of the mode of transportation adopted.

Action on the case for personal injuries. Appeal from the Circuit Court of Shelby County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed November 17, 1903.

GEORGE P. McNULTY, for appellant; W. C. KELLEY, of counsel.

CHAFEE & CHEW, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action on the case, by appellee against appellant, to recover damages for personal injuries, alleged to have been by her sustained through the negligence of the appellant company, while a passenger upon one of its trains. Upon a trial of the cause in the Circuit Court, the plaintiff recovered judgment in the sum of $500, to reverse which the defendant appeals. At the close of the plaintiff's evi-

dence, the defendant moved the court to instruct the jury to return a verdict for the defendant, which motion was overruled; and at the close of all the evidence said motion was renewed and again overruled by the court.

The first count of the declaration charged in substance that the plaintiff, who was then and there a child of seven years of age, in company with her mother, took passage on the defendant's train at Tower Hill for Shelbyville, and then and there paid said defendant the regular charges for a ticket for transportation between said stations; that the defendant was then and there in duty bound to have and keep the car in which plaintiff was riding in safe condition for the protection of infants of the age of plaintiff; that the defendant, not regarding its duty in that behalf, wrongfully and negligently suffered the same to be in an unsafe condition by negligently leaving one of the windows adjacent to the seat in which plaintiff was seated to be open and not properly secured from and against falling when the said cars were afterwards in motion, by means whereof the plaintiff, who was then and there sitting in the seat in said car and had one of her hands lying upon the sill of the said window, and while she was exercising due care and caution, the said window suddenly and without plaintiff's having in any way touched the same, became unfastened and fell upon the finger of the plaintiff, bruising and injuring the same, etc.

The second count charges that the plaintiff with her mother secured passage on the train from Tower Hill to Shelbyville and then and there paid defendant for said passage in one of its coaches; that it was the duty of the defendant to have and keep its said passenger coaches in a condition of safety at all times for passengers, and for plaintiff, who was then and there a child of seven years; yet the defendant did not have said passenger coach safely arranged, but carelessly and negligently allowed the window at the end of the seat in which plaintiff was sitting to be open and the sash pushed up, and the catches or locks on said sash were not so arranged as to prevent the falling of the said sash; and that while the plaintiff was sitting in

said seat with one hand on the window sill and one finger extending over and into the slot of space where the window sash is when the window is shut, without any fault on her own part, the said window sash fell, etc.

The facts in the case as developed by the evidence are in part substantially as follows: appellee, who was at the time past the age of eight years and small in size for that age, in company with her mother and aunt, took passage upon a passenger train of appellant at Tower Hill to be carried to Shelbyville, Illinois. Upon entering the coach, appellee seated herself next to an open window and facing her mother, who was in the opposite seat. After the train had proceeded several miles, and while appellee was sitting with both of her hands upon the sill of such open window looking out, the window suddenly fell and cut off a small portion of one of her fingers. Prior to the injury the conductor had taken up the ticket of the mother but had neither demanded nor received any ticket or fare from appellee or from her mother for her, and it is admitted that no ticket had been purchased for her prior to boarding the train.

The device used for holding the window in place when raised, was one commonly used for that purpose in railway passenger coaches, and consisted of a small bolt or fastener running through the window sash, which was held in a socket in the window frame by a spring. There was a brass catch which when pressed or squeezed between the thumb and forefinger withdrew the bolt from the socket and released the window.

The mother of appellee testified that when the window started to fall appellee was sitting with her hands on the window sill, and that she is positive that appellee did not touch the lock or catch. Appellee's aunt testified that appellee was looking out of the window when it fell, and that no one touched the window from the time they boarded the car until it fell.

Appellee admitted in her testimony that she may have touched the catch, but denied that she attempted to raise or

lower the window. A number of witnesses called by appellant each testified that they examined the lock or catch in question shortly after the accident and found it to be in good working condition and perfect repair. There was also evidence showing that no change was made in the window or fastenings from the time of the accident until such examination.

Appellant insists that the peremptory instruction offered should have been given in view of the fact that the evidence fails to prove the averment of the declaration that plaintiff had paid her fare. The first count avers that the plaintiff had "paid the defendant the regular charge for a ticket," and the second count, that she had "paid the defendant for said passage," and it is admitted that no fare was paid by appellee, or for her. The duty of appellant toward appellee, upon the alleged neglect of which her alleged right of recovery is based, arose, if at all, from the implied contract by appellant to exercise due care, skill and diligence in transporting her safely to her destination. In other words, the particular duty upon which the liability is based, arises from the fact, as alleged, that she was a passenger upon appellant's railroad. While it is true that in an action founded upon an express or implied contract, against a carrier for negligence, the declaration must correctly state the contract, or the particular duty or consideration from which the liability results and on which it is based (Ry. Co. v. Friedman, 146 Ill. 584), it is unnecessary, we think, in the correct statement of the contract of carriage between appellant and appellee, to allege the payment of fare. In R. R. Co. v. Manning, 170 Ill. 417, in which the precise question under consideration was raised, the court said :

"It is universally agreed that the payment of the fare or price of the carriage, is not necessary to give rise to the liability. The carrier may demand payment if he chooses to do so, but if he permits the passenger to take his seat or enter his vehicle as a passenger, without such requirement, the obligation to pay will stand for the actual payment for the purpose of giving effect to the contract, with all its

obligations and duties.   Taking his place in the carrier's conveyance, with the intention of being carried, creates an implied agreement upon the part of the passenger to pay when called upon, and puts him under a liability to the carrier from which at once spring the reciprocal duty and responsibility of the carrier."

It is not controverted that the conductor at no time demanded either of appellee or her mother for her, either a ticket or her fare, and we can not assume that if such demand had been made, she or her mother would not have paid the same.   We think the averments in regard to the purchase of a ticket and the payment of fare may be regarded as unnecessary inducement or surplusage.   They could well have been omitted from the counts and each of which would nevertheless have stated a cause of action.   Frink v. Schroyer, 18 Ill. 419.

Appellant further contends that the peremptory instructions should have been given for the reason that the evidence fails to show that the defendant was guilty of negligence in any way or form.   The testimony of appellee, which was corroborated by both her mother and aunt, was that while she may have touched the catch on the side of the window, she at no time attempted to raise or lower the same, and that at the time the window fell both her hands were resting on the sill.   If her testimony be true, the catch or lock of the window could not have been in proper condition or properly arranged to prevent the falling of the window, and the negligence charged in the declaration would stand proved and a right of recovery established.

We are therefore of opinion that appellee was at the time of the accident a passenger upon the train of appellant; that there was evidence fairly tending to establish the negligence charged in the declaration, and that the peremptory instructions were properly refused.

The court gave to the jury, at the request of the plaintiff, the following instructions:

1.   The court instructs the jury, as a matter of law, that it is the duty of a railway company employed in transporting

passengers, to reasonably do all that human care, vigilance, and foresight can do for the protection and safety of passengers in its charge, and if the jury believe from the evidence that plaintiff was a passenger on the cars of defendant, and was a child of tender years, and that she received an injury resulting from the negligence of the defendant or any of its employes, then the jury should find a verdict for the plaintiff.

2. The court instructs the jury that a railroad company is a common carrier, and is in duty bound to receive and safely carry any passenger that desires to go upon its road, and while so carrying such passenger a railroad company is bound to use all human care and vigilance and foresight to reasonably protect such passenger from peril of any kind, incident to such mode of conveyance. And if for want or absence of such care, prudence and vigilance, on the part of the railroad company or any of its employes, the plaintiff was injured, then the defendant is liable to the extent of the injury.

3. If the jury believe from the evidence that the plaintiff was a passenger on the defendant's train from Tower Hill to Shelbyville, and received an injury from the sudden falling of the window upon one of her fingers, she being at the time a small and immature child, and if the jury believe from the evidence that the conductor or brakeman by the exercise of vigilance, care and foresight, could have seen that the said window was partially open and in an unsafe condition, and neglected to close said window or open it to such an extent that it could not fall, and by reason of said neglect the window fell upon the finger of plaintiff and injured plaintiff, then the defendant is liable to the plaintiff for such injury.

4. The court instructs the jury that a railroad company, in carrying passengers, is liable to such passengers, for any neglect of any conductor or brakeman or other employe, if such conductor or brakeman or employe by the utmost care and most vigilant foresight could have reasonably prevented such an accident; and if the jury believe, from the evidence in this case, that the plaintiff was a child of tender years, and a passenger on the defendant's road, and that the conductor and brakeman, or either of them, were in any wise negligent, and did not give the most vigilant foresight to the coach in which said child was traveling, and that by reason of such negligence, and want of vigilant foresight, the plaintiff sustained an injury, then the jury should find a ver-

dict for the plaintiff and give her such damages as in the minds of the jury shall compensate her for the injury received.

The giving of the foregoing instructions and each of them, was error, for the reason that they utterly ignore the question of contributory negligence on the part of the appellee, and seem to be based upon the theory that a child of the age of appellee could not, because of her tender years, as a matter of law, be guilty of contributory negligence. Appellee admitted that she touched the catch of the window, and whether this caused the window to fall, and whether she was, in touching the window catch, guilty of contributory negligence should have been submitted to the jury. While a child of the age of appellee cannot be expected or required to exercise such care and caution as a person of mature years, but only such care as a person of her age and discretion would naturally use, it cannot be said as a matter of law, that she was incapable of such conduct as would constitute contributory negligence. Up to the age of seven years a child is incapable of such conduct, and the court may so declare as a matter of law, Ry. Co. v. Tuohy, 196 Ill. 410, but beyond that age the question is one for the jury.

The first, second and fourth instructions are also erroneous in that they authorize a recovery if the defendant was guilty of any negligence which might have been foreseen by human care, vigilance and foresight. They fail to limit the right of recovery to the acts of negligence charged in the declaration. Where a plaintiff, as in this case, specifies the negligence of the defendant, her recovery will be limited thereto. Instructions which authorize the jury to base a verdict upon negligence not charged in the declaration are erroneous. R. R. Co. v. Rayburn, 153 Ill. 290; E. R. Co. v. Martin, 154 Ill. 523. The recovery should be confined to the particular negligence alleged in the declaration. R. R. Co. v. Levy, 160 Ill. 385.

These instructions are further faulty in that in stating the degree of care to which carriers of passengers are held under the law, they omit the essential qualification that the degree of care requisite is such as is practically consistent

with the efficient use of the mode of transportation adopted. R. R. Co. v. Burgess, 200 Ill. 628.

The third instruction is erroneous in that it assumes that the window in question was in an unsafe condition, while there is evidence tending to prove the contrary.

For the reasons indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*