Rose Lapin, Appellee, v. Northwestern Elevated Railroad Company et al., Appellants.

Gen. No. 15,526.

1. NEGLIGENCE—*when lack of ownership and control cannot be urged as defense.* Ownership and operation is admitted in the absence of traverse of the allegations of the declaration in that regard.

2. PASSENGER AND CARRIER—*when latter liable on account of injury sustained upon station platform.* Held, under the evidence in this case, that the defendant company was liable where the injury resulted by reason of the slipping upon a banana peel, the principle applied being that the carrier was bound to the exercise of the highest degree of care, skill and diligence for the safety of the passenger consistent with the mode of conveyance employed.

3. PASSENGER AND CARRIER—*when relation established.* A party upon the platform of an elevated railroad station with the knowledge of the company that he intends to take a train, is a passenger when approaching the train to board it.

4. INSTRUCTIONS—*when singling out employees will not reverse.* If an instruction is vicious in that it singles out employees of the defendant company it will not reverse where instructions have been given at the instance of the company containing a like vice.

Action in case for personal injuries. Appeal from the Superior Court of Cook count; the Hon. MARCUS KAVANAGH, Judge, presid-Court of Cook county; the Hon. MARCUS KAVNAGH, Judge, presid-Affirmed. Opinion filed May 31, 1911.

CLARENCE A. KNIGHT and WILLIAM G. ADAMS, for appellant.

BRADY & LEVY, for appellee; C. STUART BEATTIE, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This is an appeal from a judgment for $2,000 entered upon a verdict in a suit brought by the plaintiff below, Rose Lapin, against the appellants, Northwestern Elevated Railroad Company and Metropolitan West Side Elevated Railway Company, for the recovery of damages resulting from a fall caused by slipping upon a banana peel lying on one of the elevated railroad platforms, at State and Lake streets, Chicago.

The cause was tried upon the amended declaration filed July 21, 1908, in each of the counts of which it was alleged that both defendants operated an elevated railroad and possessed and maintained in connection therewith a certain platform station for the use of passengers in boarding or alighting from the cars running upon the railroad.

The evidence shows that the plaintiff, Rose Lapin, with two friends had entered the elevated station at State and Lake streets for the purpose of taking a Logan Square train of the Metropolitan Elevated Railroad. After waiting some time a Logan Square train came into the station and the plaintiff and her companions then left the bench on which they had been sitting, and while walking towards the train plaintiff fell, by reason of stepping upon a banana peel, and received the injuries for which suit was brought.

As a ground for reversal of the judgment it is urged that the court erred in refusing to instruct the jury to return a verdict for the appellant, the Northwestern Elevated Railroad Company. In support of this it is urged that there is not the slightest evidence in the record tending to show that either defendant was liable for the negligence charged in the declaration. It is claimed the extent of the proof in the case is that the plaintiff had paid her fare to the Metropolitan Company, and while walking across the platform provided for the passengers of the company she stepped and

298    APPELLATE COURTS OF ILLINOIS.

Lapin v. Northwestern Elev. R. Co., 162 Ill. App. 296.

slipped on a banana peel which was lying on the platform, and that it is not shown that the Northwestern Company exercised or attempted to exercise any control of any kind over the platform. We think that under the pleadings and the evidence there is no merit in this contention. The declaration alleges that both defendants operated the elevated railroad and possessed and maintained in connection with it the platform station in question. Under the pleadings in this case there was no traverse of the allegations of the declaration in this regard. The ownership and operation of the road was admitted. McNulta v. Lockridge, 137 Ill. 270; C. & E. I. R. R. Co. v. Schmitz, 211 id. 458.

It is urged that the trial court erred in not setting aside the verdict as contrary to the evidence, for the reason that there is no evidence tending to show that either of the railroad companies had any notice of the presence of the banana peel upon the platform for a sufficient time before the accident to charge the defendants with notice, or that by the exercise of ordinary care and diligence they could have removed the cause of the injury from the platform. We think this contention is also without merit, in view of the care required by carriers of passengers under the rules in this state. It was the duty of appellants to exercise the highest degree of care, skill and diligence for the safety of the plaintiff consistent with the mode of conveyance employed. Lake Street Elevated R. R. Co. v. Burgess, 200 Ill. 630. In N. Y. C. & St. L. R. R. v. Bloomenthal, 160 Ill. 48, it was held that the happening of an accident to a passenger during the course of his transportation raises a presumption that the carrier has been neglectful, and that the burden of rebutting this presumption rests upon the carrier, especially if the injury to the passenger is caused by apparatus wholly under the control of the carrier. That case further holds "that proof that plaintiff was a passenger when the accident happened and that the injury was inflicted, imposed upon the carirer the duty of explaining or accounting for the accident and to prove that it resulted from a cause for which the carrier should not be held responsible."

It is contended that the trial court erred in giving in-

structions 1 and 2 requested by the plaintiff and in refusing to give instruction 6, requested by appellants. In our opinion instructions 1 and 2 correctly state the law of this jurisdiction with reference to the duty of a common carrier to its passengers. We think the refused instruction 6, requested by defendants, was properly refused, for the reason that it did not state correctly the degree of care and diligence to be observed by the defendants towards the plaintiff as a passenger. A party upon the platform of an elevated railroad station, with the knowledge of the company that he intends to take a train, is a passenger when approaching the train to board it. Lake Street E. R. R. Co. v. Burgess, *supra*.

It is contended that the court erred in giving instruction 6 requested by appellee and in refusing to give instruction 2 requested by appellants. Instruction 6 was first passed upon by this court in N. C. Ry. Co. v. Gastka, 27 Ill. App. 518. That case went to the Supreme Court, where the judgment was affirmed. 128 Ill. 613. The same instruction was again before this court in W. C. St. R. R. Co. v. Loftus, 83 Ill. App. 192, and it was there held to be a substantially good instruction.

Instructions 3, 7 and 8, given at the request of plaintiff, are claimed to be erroneous. We think instruction 3 is authorized by Ill. Cent. R. R. Co. v. Cole, 165 Ill. 334. Instruction number 7 is directed to the credibility of the witnesses and we think the instruction does not contain material error. Instruction number 8 is criticized as bad by appellants, as singling out the defendants' witnesses, their employees, the purpose being, it is urged, to afford the jury a justification for disregarding the testimony of the employees of defendants, who testified as to the inspection, care and condition of the platform in question. Appellants, however, tendered and the court gave the second instruction asked by the defendants, to the effect, "that while they are the judges of the credibility of the witnesses they have no right to disregard the testimony of an unimpeached witness sworn on behalf of the defendants simply because such witness was or is an

employee of one of the defendants, but it is the duty of the jury to consider the testimony of such witnesses in the light of all the evidence, and to determine the credibility of such employees by the same principles and tests by which they determine the credibility of any other witness." In our opinion appellants cannot complain of the giving of instruction 8, asked by the plaintiff, in view of the fact that they asked, and the court gave, the above quoted instruction. The two instructions together, with the defendants' instruction regarding the credibility of plaintiff, covered the whole subject of parties and witnesses in this case and left no opportunity for injury to appellants. We find no material error in the refusing of instructions 1, 3 and 5 requested by appellants. We think those instructions were misleading and were properly refused.

We find no error in the record and the judgment is therefore affirmed.

*Affirmed.*