24    APPELLATE COURTS OF ILLINOIS.

Davis v. South Side Elevated Railroad Co., 215 Ill. App. 24.

The judgment is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*

## Louise Davis, Appellee, v. South Side Elevated Railroad Company, Appellant.

### Gen. No. 24,648.

1. CARRIERS, § 484*—*when proper, in personal injury action by passenger against elevated railroad company, to give instruction on care required of carrier.* In an action for personal injuries sustained by plaintiff, who, after traveling as a passenger and while descending from defendant's elevated railway station, slipped on a banana peel which lay on a stairway landing, an instruction was properly given which stated that in the management and operation of elevated trains and the management and maintenance of the platforms and steps and landings, etc., it was the duty of common carriers to exercise the highest degree of care, etc., consistent with the mode of conveyance adopted and its practical operation.

2. CARRIERS, § 460*—*when doctrine of res ipsa loquitur applies in personal injury action by passenger against elevated railroad company.* The doctrine of res ipsa loquitur applied in an action for personal injuries against an elevated railroad company, where plaintiff, after traveling as a passenger and while descending to the street, slipped on a banana peel which lay on a stairway landing and sustained injuries.

3. CARRIERS, § 460*—*when passenger, suing for personal injuries, makes out prima facie case against elevated railroad company.* A prima facie case of negligence was made out by showing the happening of the accident, in an action by a passenger against an elevated railroad company for injuries sustained by plaintiff's slipping on a banana peel which lay on a stairway which plaintiff was descending; and the burden of rebutting the presumption of negligence rested upon the defendant.

Appeal from the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Affirmed. Opinion filed October 10, 1919.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WILLIAM A. MORROW and CARROLL H. JONES, for appellant; ADDISON L. GARDNER, of counsel.

No appearance for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

This is an appeal from a judgment for $100 rendered by the Municipal Court of Chicago against the defendant. Plaintiff sued for injuries occasioned by her slipping on a banana peel and falling on the stairway or stairway landing of defendant's 35th street station in the City of Chicago, after she had been traveling as a passenger in one of defendant's elevated trains and was in the act of descending said stairway to the street below. On the trial defendant's counsel cross-examined plaintiff's witnesses, but defendant did not introduce any evidence. At the close of plaintiff's evidence defendant moved for a directed verdict in favor of defendant, which motion was denied. The jury returned a verdict assessing plaintiff's damages at the sum of $100. Defendant's motion to set aside the verdict and for a new trial was denied. We have not been favored with a brief and argument on behalf of plaintiff.

It is first contended by counsel for defendant that the court in the oral charge erred in instructing the jury that "in the management and operation of elevated trains and the management and maintenance of the platforms and steps and landings, leading to and from said trains for the use of passengers, it is the duty of common carriers to exercise the highest degree of care, skill and diligence for the safety of their passengers, consistent with the mode of conveyance adopted and its practical operation." The court also instructed the jury that "proof that plaintiff fell on the stairway or stairway landing of defendant's

station, on account of the presence on said stairway or stairway landing of a banana skin, does not raise the presumption that the defendant was negligent.''

We do not think any error was committed by the giving of that portion of the oral charge complained of by counsel for defendant. It is not disputed that plaintiff was a passenger at the time she was injured. The evidence shows that when the train reached the 35th street station plaintiff and her husband alighted on the platform and started to descend the stairs to the street; that the stairs consist of two flights with a landing between; that when plaintiff reached the landing she slipped on a banana peel and fell, striking her head on the bottom step of the first flight of stairs, and received the injuries complained of. ''If appellee was a passenger it was the duty of appellant to exercise the highest degree of care, skill and diligence for her safety consistent with the mode of conveyance employed, as long as she remained a passenger.'' (*Lake St. El. R. Co. v. Burgess*, 200 Ill. 628-630.) ''This relation between a passenger and a railroad company does not cease upon the arrival of a train at the place of the passenger's destination, but the company is still bound to furnish him an opportunity to safely alight from the train. It is its duty, not only to exercise a high degree of care while the passenger is upon the train, but also to use the highest degree of care and skill reasonably practicable in providing the passenger a safe passage from the train.'' (*Pennsylvania Co. v. McCaffrey*, 173 Ill. 169-173.) ''The obligation of care on the part of a railroad company extends to all the accessories of its business, among which are stations or depots. These must be constructed and arranged with care, properly lighted when dark, and otherwise made safe and convenient for persons lawfully entering thereon for the transaction of business. But in these, as in other matters, the company is only

bound to use ordinary care, except in favor of passengers.'' (*Toledo, W. & W. R. Co. v. Grush,* 67 Ill. 262-264.)

It is further contended by counsel for defendant that the evidence is insufficient to hold the defendant guilty of negligence. The argument is that the evidence does not show that the banana peel had been lying on the stairway for a sufficient length of time to charge defendant with negligence in not having removed it, and that the doctrine of *res ipsa loquitur* does not apply to such a case as this.

Lillian Stewart, who was descending the stairway immediately following the plaintiff and her husband at the time of the accident, testified: ''I did not see the banana peel until after she had fallen and I had helped to pick her up; I seen the print of the banana peeling where it had been lying after she had slid a little way;  *  *  *  I seen the print of the banana peel where she had slipped on it;  *  *  *  when I first saw it the banana peeling was very dark, and you could see the print where it had been lying.'' Walter Davis, husband of plaintiff, testified: ''She slipped on a banana peeling. I picked her up. When she fell her head struck the bottom step; she fell quick; I looked under her feet and I found a banana peeling under her heel; I picked it up and threw it off the platform.  *  *  *  The banana peeling was dark.  *  *  *  I did not see it until after I picked her up.  *  *  *  The print of the banana peel was on the platform. I could see the print where she slipped.''

In the case of *New York, C. & St. L. R. Co. v. Blumenthal,* 160 Ill. 40, it was decided that a prima facie case of negligence was made out, sufficient to throw upon the railroad company the burden of proving that the injury was not its fault, where it was shown that a passenger in charge of cattle on a freight train was injured by being caught between two cars while he was descending a ladder to look after his cattle at

a time when the train had stopped for water. In this case it is said (p. 48):

"The happening of an accident to a passenger during the course of his transportation raises a presumption that the carrier has been negligent. The burden of rebutting this presumption rests upon the carrier. Undoubtedly the law requires the plaintiff to show that the defendant has been negligent. But, where the plaintiff is a passenger, a prima facie case of negligence is made out by showing the happening of the accident. If the injury to a passenger is caused by apparatus wholly under the control of the carrier and furnished and applied by it, a presumption of negligence on its part is raised. * * * Proof that plaintiff was a passenger, that the accident happened, and that the injury was inflicted, imposes upon the carrier the duty to explain or account for the accident, and to prove that it resulted from a cause for which the carrier should not be held responsible. * * * The circumstances of exculpation are its matter of defense."

In the case of *Lapin v. Northwestern El. R. Co.*, 162 Ill. App. 296, a judgment for $2,000 in favor of plaintiff was affirmed by this Appellate Court where it appeared that she, a passenger, had been injured because of a fall caused by slipping upon a banana peel lying on the elevated platform at State and Lake streets, Chicago. Mr. Presiding Justice Smith said (p. 298):

"It is urged that the trial court erred in not setting aside the verdict as contrary to the evidence, for the reason that there is no evidence tending to show that either of the railroad companies had any notice of the presence of the banana peel upon the platform for a sufficient time before the accident to charge the defendants with notice, or that by the exercise of ordinary care and diligence they could have removed the cause of the injury from the platform. We think this contention is without merit, in view of the care

required by carriers of passengers under the rules in this State. It was the duty of appellants to exercise the highest degree of care, skill and diligence for the safety of plaintiff consistent with the mode of conveyance employed. (*Lake Street El. R. Co. v. Burgess,* 200 Ill. 630.) In *New York, C. & St. L. R. Co. v. Blumenthal,* 160 Ill. 48, it was held that the happening of an accident to a passenger during the course of his transportation raises a presumption that the carrier has been neglectful, and that the burden of rebutting this presumption rests upon the carrier, especially if the injury to the passenger is caused by apparatus wholly under the control of the carrier."

In view of the decisions in the *Blumenthal* and *Lapin* cases, *supra,* we think that the evidence introduced by the plaintiff was sufficient to raise the presumption of negligence on the part of the defendant, and that the burden of rebutting this presumption rested upon the defendant. As the defendant introduced no evidence, the presumption was not rebutted.

The judgment is affirmed.

*Affirmed.*