FRANCES URBAN v. MINNEAPOLIS STREET
RAILWAY COMPANY.

96 N. W. (2d) 698.

May 29, 1959—No. 37,674.

*Cary, Welsh & Roseen* and *John E. Castor,* for appellant.
*Richard Siegel* and *Dorfman & Rudquist,* for respondent.

MATSON, JUSTICE.

Plaintiff brought an action for personal injuries and after a verdict for defendant moved for a new trial based on errors of law occurring in the court's charge to the jury. The court issued an order granting a new trial and defendant appealed from that order.

Plaintiff sustained personal injuries while a passenger on a bus owned by defendant. The situation which gave rise to the personal injury occurred about 8:20 a. m. October 9, 1956, at the intersection of Marquette Avenue and Eighth Street, Minneapolis. Plaintiff testified in substance that while standing near the door, waiting to alight, she was thrown into the stairwell when the bus suddenly made a sharp and violent stop.

The bus driver testified that he had stopped at the intersection back of the crosswalk for a red light. After the light changed to green he proceeded to cross the intersection, at which time a car came from his left, turned in front of the bus, and stopped suddenly and quickly for pedestrians at the crosswalk. He said that he stopped the bus about 3 feet from the car and that the stop was "a little more sudden stop than usual stop."

Based on the evidence it was the opinion of the trial court that the jury could find the bus driver was confronted with an emergency, and it instructed that:

"* * * The law imposed upon the defendant and defendant's bus drivers the duty to exercise the highest degree of care for the safety of its passengers consistent with the practical operation of the busses of the defendant."

Relative to the emergency rule, so far as pertinent here, it instructed:

"* * * I charge you that one suddenly confronted by a peril, through no fault of his own, who, in an attempt to escape does not choose the best or safest way, should not be held negligent because of such choice unless it was so hazardous that an ordinarily prudent person would not have made it under the same or similar circumstances or conditions."

After the instructions were given the plaintiff objected in the following manner: "The plaintiff objected and excepts to the giving of the emergency doctrine."

The court concluded in its memorandum, made a part of its order granting a new trial, that the instruction on the emergency rule was confusing in its reference to "an ordinarily prudent person" and was likely to cause the jury to infer that the defendant's duty to exercise the highest degree of care for the safety of its passengers consistent with the practical operation of the bus was not controlling. The court decided that the correct charge would have been:

"I now charge you that one operating a motor bus of a street railway company carrying passengers, who is suddenly confronted by a peril, through no fault of his own, and who in an attempt to escape does not choose the best or safest way, should not be held negligent because of such choice unless it was so hazardous that a person exercising the highest degree of care for the safety of the passengers consistent with the practical operation of the bus would not have made it under the same or similar circumstances. Ray Hanson, the bus driver, was required to exercise the same degree of care when confronted by a sudden peril as when not confronted by it. You are instructed that if you

find that he was confronted with a sudden peril, you should consider the peril as a circumstance in determining whether he exercised such care."

The defendant contends that the order granting a new trial must be reversed for any one of the following four reasons:

(1) That the plaintiff did not properly call the alleged error relative to the emergency instruction to the court's attention so as to assign it as error in moving for a new trial.

(2) That one charged with the duty of exercising the highest degree of care is not held to the highest degree of care in an emergency situation.

(3) That even assuming the instruction was incorrect it did not mislead the jury.

(4) Regardless of the correctness of the trial court's charge the verdict should stand as a matter of law.

■ We are unable to agree with defendant's contention that plaintiff had not properly preserved the right to assign improper instruction as grounds for a new trial. The instruction here assigned as grounds for a new trial is with respect to the duty imposed upon a party confronted with an emergency. Rule 51 of Rules of Civil Procedure provides in part:

"* * * An error in the instructions with respect to fundamental law or controlling principle may be assigned in a motion for a new trial though it was not otherwise called to the attention of the court."

The duty or degree of care imposed on a party is fundamental law and objections to instructions relative thereto could be assigned for the first time in a motion for a new trial. Trudeau v. Sina Contracting Co. Inc. 241 Minn. 79, 62 N. W. (2d) 492.

■ With respect to defendant's second issue relative to the standard of care imposed in an emergency, we have held that the existence of an emergency does not impose a different standard of care. Dahlstrom v. Hurtig, 209 Minn. 72, 295 N. W. 508; see, Prosser, Torts (2 ed.) § 32, p. 138. We have also held that an emergency rule is but a special application of the general standard of reasonable care and that, when

given, it requires a jury to consider the fact of sudden peril as a circumstance in determining the reasonableness of a person's response thereto. Trudeau v. Sina Contracting Co. Inc. *supra*. This court has not been confronted with the specific issue of whether one imposed with a high degree of care must exercise that care in an emergency. In Nance v. Fresno City Lines, Inc. 44 Cal. App. (2d) 868, 113 P. (2d) 244, a new trial was granted to the plaintiff who suffered personal injuries while a passenger on defendant's bus line. There the plaintiff, as grounds for a motion for a new trial, assigned as error instructions given by the trial court relative to the standard of care imposed upon the defendant who was suddenly placed in great peril. The trial court instructed (44 Cal. App. [2d] 869, 113 P. [2d] 245):

"* * * when, through no negligence of his own, a person is suddenly placed in great peril, such person is not required to exercise all that presence of mind and carefulness which are justly required of a careful and prudent person under other circumstances."

The court on appeal pointed out that in respect to common carriers Civil Code of California 1949, § 2100, provides:

"A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill."

The court concluded that the instructions given disregarded the degree of care required of common carriers under the statute.

Although Minnesota does not have a statute imposing a degree of care upon common carriers this court has held that they are bound to exercise the highest degree of care and diligence consistent with the nature of their undertaking and are responsible for the slightest negligence. Waldo v. St. Paul City Ry. Co. 244 Minn. 416, 70 N. W. (2d) 289; Hill v. Minneapolis St. Ry. Co. 112 Minn. 503, 128 N. W. 831.

We hold that the instructions as given by the trial court in the instant case disregard the rule established by judicial precedents setting the degree of care required of common carriers. See, also, Lachman v. Pennsylvania Greyhound Lines (4 Cir.) 160 F. (2d) 496; Lukitsch v. St. Louis Public Service Co. 362 Mo. 1071, 246 S. W. (2d) 749; Re-

6

statement, Torts, § 296, *comment c*. Therefore the instructions as given by the trial court constitute error. It is our opinion, however, that the charge proposed by the trial court in its memorandum would correct this error.

■ With reference to defendant's third contention we regard Flaherty v. Minneapolis & St. L. Ry. Co. 251 Minn. 345, 87 N. W. (2d) 633, as controlling. We held there that a trial court's instruction announcing the "highest-degree-of-care" standard, but in a related part of the charge also announcing that a common carrier was required to exercise a reasonable degree of skill for the safe carriage of the plaintiff, was misleading. The order granting a new trial on the basis of erroneous instructions was affirmed. The error committed in the charge given in the instant case is also misleading as to which degree of care was controlling.

■ Regarding defendant's fourth issue, that regardless of the correctness of the trial court's charge the verdict should stand as a matter of law, we cannot say from the evidence that the bus driver as a matter of law exercised the highest degree of care prior to the emergency, nor that he acted as one under the highest degree of care in response to the emergency. In view of the erroneous and misleading instructions the jury could have tested the bus operator's conduct by the standard of care of an ordinarily prudent person rather than the highest degree of care and accordingly returned a verdict in favor of the defendant. Whether an emergency existed, whether the emergency was not a result of the bus driver's negligence, whether he acted as a person charged with the highest degree of care after being confronted with the emergency, and whether the character of the stop was ordinary so as to relieve the defendant of liability, were properly questions for the jury. Trudeau v. Sina Contracting Co. Inc. 241 Minn. 79, 62 N. W. (2d) 492; McMurray v. Twin City Motor Bus Co. 178 Minn. 561, 228 N. W. 154.

Affirmed.