(No. 44642.

ELEANORA KATAMAY, Appellant, v. CHICAGO TRANSIT AUTHORITY, Appellee.

*Opinion filed Sept. 20, 1972.—Rehearing denied Nov. 29, 1972.*

ARTHUR L. POLLMAN, of Chicago (PHILIP J. McGUIRE, of counsel), for appellant.

JAMES G. O'DONOHUE, JEROME F. DIXON and HARRY I. PARSONS, all of Chicago, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

The circuit court of Cook County entered judgment upon a jury verdict in the amount of $27,500 in favor of plaintiff, Eleanora Katamay, and against the defendant, Chicago Transit Authority. Defendant appealed and the appellate court reversed the judgment and remanded the cause to the circuit court with directions to enter judgment for defendant notwithstanding the verdict in favor of plaintiff (273 N.E.2d 510). We allowed plaintiff's petition for leave to appeal. The facts are sufficiently stated in the opinion of the appellate court and we need only state here that plaintiff was standing on defendant's elevated platform waiting to board defendant's train; defendant's train stopped at the platform, its doors were opened, several people boarded, and that as plaintiff started toward the train she fell; her shoes were off her feet and the heels were wedged in the spaces between the wooden planks of the platform. The appellate court stated that *Davis v. South Side Elevated R.R. Co., 292 Ill. 378,* was dispositive of the issue, held that plaintiff, as a matter of law, was not a passenger at the time of her injury, and

defendant, therefore, did not owe her the highest degree of care; that it owed her the duty of ordinary care but that no breach of that duty was shown for the reason that plaintiff's evidence failed to show that defendant had either actual or constructive notice of the condition which caused her to fall.

Plaintiff contends that the question of whether she was a passenger at the time of the fall which caused her injuries was one of fact for the jury, that the jury, under proper instructions, decided it favorably to her, and that the appellate court erred in holding, as a matter of law, that she was not a passenger at that time.

Defendant contends that "The law is well established in this state that a party does not have the status of a passenger unless he is injured while in the actual process of boarding a train."

Although the appellate court correctly stated the principle enunciated in *Davis,* we do not agree that it is dispositive of the question presented in this case. In *Davis,* the plaintiff had alighted from the train, had passed through the station and at the time of her injury was on the stairs leading down to the street. Here, the plaintiff was injured while approaching, with the intention to board it, defendant's elevated train which was standing at the platform with its doors open for the purpose of receiving passengers. In *Davis,* the court carefully distinguished the fact situation there presented from the cases in which "the accidents happened in boarding or alighting from trains ***." 292 Ill. 378, at 383.

The passenger to whom the carrier owes the duty to exercise the highest degree of care is one who is in the act of boarding, is upon, or is in the act of alighting from, the carrier's vehicle. (See Illinois Pattern Jury Instructions—Civil (2d ed. 1971), No. 100.09.) We are not persuaded that, to come within this definition a passenger, of necessity, must have come into actual contact with the vehicle. This court has said that the rationale for the

imposition of the duty upon a carrier to exercise the highest degree of care for the safety of an individual while he is a passenger as distinguished from the lesser duty owed at all other times is that the degree of care should be commensurate with the danger to which the passenger is subjected, and the degree of care required to be exercised increases as the danger increases. *Sims v. Chicago Transit Authority, 4 Ill.2d 60.*

In *Chicago Terminal Transfer R.R. Co. v. Schmelling, 197 Ill. 619,* at page 629, the court said, "The duty of a carrier to its passengers is not only to exercise the highest degree of care and prudence in carrying them to their destinations, but also to afford them reasonable opportunities to leave the trains of the company with safety. [Citations.] The relation of carrier and passenger does not terminate, until the passenger has alighted from the train and left the place where passengers are discharged, and the duty of the carrier to its passenger continues, until the passenger has had a reasonable time in which to leave the depot or alighting place. What is such reasonable time must often depend upon the circumstances of the particular case. (4 Elliott on Railroads, sec. 1592.) In *Pennsylvania Co. v. McCaffrey, supra,* we said (p. 173): 'This relation between a passenger and a railroad company does not cease upon the arrival of a train at the place of the passenger's destination, but the company is still bound to furnish him an opportunity to safely alight from the train. It is its duty, not only to exercise a high degree of care while the passenger is upon the train, but also to use the highest degree of care and skill, reasonably practicable, in providing the passenger a safe passage from the train.' In the case at bar, when the defendant in error was injured, he was still upon and within the narrow space between the railroad tracks, which was the only place which the plaintiff in error had provided for him to stand upon, when he alighted from the train. Therefore, we are not prepared to say that defendant in error had ceased to be a

passenger. Laying down proper definitions of what consti-
tuted the relation between carrier and passenger, the
instructions on both sides left it to the jury to determine,
whether such relation existed between plaintiff in error
and defendant in error at the time of the accident."

In *Lake Street Elevated R.R. Co. v. Burgess, 200 Ill.
628,* the plaintiff had alighted from a shuttle train on
defendant's line onto an elevated platform, intending to
board a westbound train to Austin. In attempting to board
the westbound train she fell between two cars and fell to
the track below. The evidence showed that the space
through which plaintiff fell was usually protected by a
trellis gate and that it was not so protected at the time she
fell. Rejecting the defendant's contention that she was not
a passenger at the time and therefore it owed her only the
duty to exercise ordinary care, the court held her to be a
passenger and in so doing relied upon the following
language from *Chicago and Eastern Illinois R.R. Co. v.
Hennings 190 Ill. 478, 483:* "It is not necessary, to create
the relation, that the passenger should have entered a train,
but if he is at the place provided for passengers, such as the
waiting room or platform at the station, with the intention
of taking passage and has a ticket, he is entitled to all the
rights and privileges of a passenger."

In *Zorotovich v. Washington Toll Bridge Authority,
80 Wash. 2d 106, 491 P.2d 1295,* while plaintiff was
waiting to buy a ticket to ride defendant's ferry, he was
struck by a vehicle being driven across the platform. In
holding that the plaintiff was a passenger, the Supreme
Court of Washington said: "The matters to be considered
in determining the status as a passenger are: (1) place (a
place under the control of the carrier and provided for the
use of persons who are about to enter carrier's convey-
ance); (2) time (a reasonable time before the time to enter
the conveyance); (3) intention (a genuine intention to take
passage upon carrier's conveyance); (4) control (a submis-
sion to the directions, express or implied, of the carrier);

and (5) knowledge (a notice to carrier either that the person is actually prepared to take passage or that persons awaiting passage may reasonably be expected at the time and place)." (491 P. 2d 1295, at 1297.) At page 1298 the court said: "We are not overlooking the contention of the defendant, Washington Toll Bridge Authority, that plaintiff was not in the act of boarding the ferry and that the dock was several hundred feet in length. The statement as to the length of the dock is factually correct but does not change the situation. The use of the dock was a necessary part of the act of boarding the ferry."

We hold that plaintiff was not required to be in physical contact with defendant's train in order to occupy the status of passenger. She was standing on the platform provided for boarding and alighting from defendant's trains and was engaged in the "act of boarding" if, with intent to board the standing train and pay the required fare, she moved toward it for that purpose.

If, at the time she fell, she was in the act of boarding, defendant owed her the duty to exercise a degree of care for her safety equal to the duty owed to provide her a safe place to alight. These issues were submitted to the jury under proper instructions, and were decided favorably to plaintiff. Tested by the rule laid down in *Pedrick v. Peoria and Eastern R.R. Co., 37 Ill.2d 494,* the appellate court erred in its decision and the judgment of the appellate court is reversed and the judgment of the circuit court of Cook County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*