ROCCO ASSISE, Plaintiff-Appellant, v. DAWE'S LABORATORIES, INC. et al., Defendants-Appellees.

(No. 55323;

First District—October 4, 1972.

BURMAN, J., dissenting.

Caliendo, Engelstein & Abrams, of Chicago, (Sidney Z. Karasik, of counsel,) for appellant.

William D. Maddux and John M. O'Connor, Jr., both of Chicago, for appellees.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Cook County entered after a jury verdict for the defendants.

The issues on appeal are whether the jury was correctly instructed as to the meaning of the term "wilful violation" of the Structural Work Act, whether the trial judge ruled correctly on the admission and exclusion of evidence, and whether the trial judge conducted a fair trial. We need only consider the first contention.

The plaintiff, Rocco Assise, was an electrician employed by St. Arnaud Electric Company, an electric sub-contractor, in the construction of a new building for Dawe's Laboratories in Chicago Heights. On February 4, 1964, he climbed to the platform of a scaffold about ten feet off the

ground. He testified the board on the platform was loose and unsecured and fell through the scaffold, causing him to fall and injure himself. The defendants are Dawe's Laboratories, Inc., as owner of the building, Presbitero & Sons, Inc., as the prime contractor, and A. Epstein & Sons, Inc., as the architects.

The complaint was brought under the Structural Work Act (Ill. Rev. Stat. 1963, Ch. 48, sec. 69), which provides in part:

> "For any injury to person or property, occasioned by any wilful violations of this act, or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured."

The plaintiff argues the court erred by refusing to submit his instruction No. 5 to the jury, defining "wilful violation" under the Structural Work Act, and by permitting defendant's counsel to argue to the jury that the meaning of "wilful" was plain on its face. Instruction No. 5 is as follows:

> "When the statute uses the word 'wilful' it means that the owner, contractor, subcontractor or foreman knew, or should have known, by the exercise of reasonable care, that a certain condition existed."

In *Schultz v. The Henry Ericsson Co.* (1914), 264 Ill. 156, the court construed the meaning of "wilful violation" of the Structural Work Act:

> "The word 'wilfully' is synonymous with 'knowingly', and to constitute a wilful violation of the statute it is not necessary that there should have been 'a reckless disregard' of its provisions. The employer is liable not only when the dangerous conditions are known to him, but also, when by the exercise of reasonable care, the existence of such dangerous conditions could have been discovered and become known to him."

Since then the cases have consistently been in agreement. *Kennerly v. Shell Oil Co.* (1958), 13 Ill.2d 431; *Gundich v. Emerson-Comstock Co.* (1960), 21 Ill.2d 117; *Miller v. DeWitt* (1967), 37 Ill.2d 273.

Instruction No. 5 was not given because it was based on the decisions of prior cases, and the court believed that to do so could be prejudicial error. The court relied on *Spiezio v. Commonwealth Edison Co.* (1968), 91 Ill.App.2d 392, in which an instruction was given explaining the term "having charge of." The court quoted from *Larson v. Commonwealth Edison Co.* (1965), 33 Ill.2d 316, which holds that words used in their conventional sense need not be defined or explained in giving instructions to the jury, and an attempt at definition can only lead to confusion and error.

In the instant case the term "wilful violation" is not used in its ordinary sense, and the lower court's reliance on *Spiezio* was erroneous.

Under the Act, "wilful" refers to a situation where the defendant actually had knowledge or should have had knowledge. See cases cited *supra*.

██▌ The defendants suggest that *Noncek v. Ram Tool Corp.* (1970), 129 Ill.App.2d 320, prohibits an instruction from being based on the language of a prior decision if the general principle embodied in the instruction requires elaboration, refinement or modification. Instruction No. 5 clearly states the law and requires no such elaboration or modification. There was no possibility of prejudice if the instruction had been given. The court in *Noncek* went on to say an instruction is not erroneous merely because it paraphrases language of prior cases.

██▌ Having refused to give instruction No. 5, the error of the court was compounded when it allowed the defendant to argue to the jury the meaning of "wilful" was plain on its face. The court did permit plaintiff to tell the jury in closing argument that "wilful" meant something other than deliberate, but it also permitted the defendants' counsel to make the following statements:

> "Those men down in Springfield knew what they were doing when they wrote the Scaffolding Act. They were using the English language. I don't know where Mr. Horberg gets the idea that wilful means something other than wilful. I don't know where he gets the idea that my clients were in wilful violation of the Act only if they were in charge of the work. And then being in charge of the work—After you have established that they are in charge of the work that they wilfully violated the act. That is what the Legislature said. And they were using the English language.
>
> \* \* \*
>
> How in the world can my client be charged with this failure in erecting a scaffold under the Scaffolding Act as a wilful violation when they themselves didn't even know if there was anything wrong with the scaffold at all. \* \* \* Where is the evidence of wilful violation on our part? And I don't know what this business is that they knew or should have known. I don't know what that is. Wilful means wilful."

Without an instruction from the court, the court should not have allowed any argument as to "wilful."

There was no Illinois Pattern Jury Instructions for the Structural Work Act at the time of trial. However, those published in 1971 attest to the correctness of instruction No. 5. Section 180.00, the introduction, states in part:

> "The violation of the Act must be 'wilful.' Ill. Rev. Stat., Ch. 48, § 69, (1969). However, this does not mean that there must be a

reckless disregard of the provisions of the Act. A person commits a 'wilful' violation when he knows of the dangerous condition or when, in the exercise of ordinary care, he could have discovered the condition. [Cases cited.]"

Section 180.01, the suggested instruction regarding the statute, makes no reference to the term "wilful" and paraphrases applicable parts of the statute and provides in relevant part:

"For any injury to persons occasioned by any violation of this Act, a right of action shall accrue to the injured party."

The Notes on Use following this section state the term "wilful" should not be used, and the comment to section 180.01 states:

"In order to give effect to existing case law, the term 'wilful' has not been used in connection with a violation of the Act in the instructions in this section. Although the word 'wilful' appears in the statute, the courts have not construed that word in its ordinary sense. The courts have said that a violation of the Structural Work Act is 'wilful' when a person having charge of the work knew or, in the exercise of ordinary care, could have known of a dangerous condition. [Cases cited.] * * * Because use of the word 'wilful' would tend to mislead the jury, the word has not been used."

■■ The defendants also argue the definition of "wilful" was immaterial to the issue of whether one or more of the defendants was in charge and the plaintiff cannot complain about the statement to the jury because he failed to object. Neither of these arguments is persuasive. The verdict could have turned on the meaning of the term "wilful"; therefore, the existence of another issue is not important.

■■ The failure of counsel for plaintiff to object to the closing argument cannot be construed against him because the issue had been fully discussed in chambers and the court had already made its ruling. Inasmuch as we are ordering a new trial, the plaintiff's complaints regarding rulings of the trial court as to admission and exclusion of evidence are not likely to arise again. Therefore, we need not decide those points. We are of the opinion that plaintiff did not receive a fair trial.

For these reasons the judgment of the Circuit Court is reversed and the cause is remanded for a new trial.

Reversed and remanded.

ADESKO, J., concurs.

Mr. JUSTICE BURMAN dissenting:

The majority, in reversing, concludes that prejudicial error was committed when the court refused plaintiff's tendered instruction defining the

word "wilful". This instruction was based upon the Illinois Supreme Court's construction of the meaning of a wilful violation of the Structural Work Act in *Schultz v. The Henry Ericsson Co.* (1914), 264 Ill. 156, 106 N.E.236. The use of the language of cases in jury instructions is a practice not looked upon with favor. (*Spiezio v. Commonwealth Edison Co.* (1968), 91 Ill.App.2d 392, 417, 235 N.E.2d 323, 335.) Therefore, I believe that the court was correct in refusing the tendered instruction. Even if the instruction was proper, however, I do not believe that the court's refusal to give it prejudiced the plaintiff's case.

Under his complaint, the plaintiff had to prove that the defendants were in charge of the work being performed and that they wilfully violated the Structural Work Act. Illinois Revised Statutes, Chapter 48, Section 69 (1971).

The plaintiff, Rocco Assise, was an electrician employed by the St. Arnaud Electric Company, the electrical subcontractor. The scaffold upon which he was injured was brought to the job site by St. Arnaud and owned or leased by it. The defendant, Dawes Laboratories was the owner of the premises; Presbitero & Sons was described as a subcontractor for general work, and A. Epstein & Sons the architect.

Dawes entered into a contract with McKinley Construction Company, who undertook complete construction of the building as the general contractor. McKinley subcontracted the work to other contractors, including Presbitero and St. Arnaud. Some years after the complaint was filed McKinley was made a party defendant, but was dismissed on the ground that as to it the action was barred by the statute of limitations. No appeal was taken from this order.

The evidence established that Dawes was not in charge of any part of the construction. Presbitero was concerned only with its own scaffold, which was used in its masonry work. It had no occasion to inspect the scaffold owned and used by St. Arnaud and was not expected to do so. In addition, it was stipulated that Presbitero had completed the job approximately one month prior to the accident. Epstein was the architect. Its sole responsibility was to determine whether the work conformed to the plans and specifications which it had prepared.

Clearly this evidence was not sufficient to establish that any of the defendants was in charge of the work being done. In this regard, it is significant to note that plaintiff does not contend that the verdict was against the manifest weight of the evidence.

Moreover, under the Structural Work Act, the plaintiff must prove that the scaffold was defective. Here the plaintiff's own witness, Herbert Drummond, who was St. Arnaud's foreman, testified that the scaffold was solid and sturdy and that the plywood platform was properly secured

to the frame with cleats. He further testified that plaintiff told him that the accident occurred when he attempted to climb up the scaffold using the cross braces as a ladder and that the plywood came out of the cleats as he pulled himself up on it. The plaintiff attempted to impeach Drummond during the direct examination; however, the court refused to allow it.

The majority states that, having refused the tendered instruction, the court compounded the error by allowing counsel for the defendants to tell the jury in his closing argument that the meaning of "wilful" was plain on its face. The record reveals that in the conference on jury instructions the plaintiff requested and was granted permission of the court to tell the jury in his closing argument what the word "wilful" meant under the statute. He took advantage of this opportunity and went into great detail. As plaintiff opened the subject, he is in no position now to complain because the defendant answered his argument. For that reason, obviously, he did not object to defendant's argument.

It is well established that a judgment will not be reversed for error unless it appears that such affected the outcome of the case. (*Lindroth v. Walgreen Co.* (1950), 407 Ill. 121, 136, 94 N.E.2d 847, 854.) Here, the plaintiff simply failed to prove that one or more of the defendants was in charge of the work. He also failed to convince the jury that the scaffold was defective. For these reasons I do not believe that the court's refusal to give the jury instruction tendered by the plaintiff affected the outcome of the case, and I perceive no reason why a new trial should be ordered.