**Beatrice DOYLE, Plaintiff-Respondent,**

v.

**BI–STATE DEVELOPMENT AGENCY, Defendant-Appellant.**

No. 43959.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 2, 1982.

Harold L. Whitfield, Freeman, Whitfield, Montgomery & Walton, St. Louis, for defendant-appellant.

Daniel G. Tobben, Whalen, Murphy, Reid, Danis, Garvin & Tobben, St. Louis, for plaintiff-respondent.

SNYDER, Judge.

The defendant, Bi-State Development Agency, appeals from the trial court's order granting plaintiff a new trial after a jury verdict for defendant in an action for personal injuries sustained by plaintiff when she fell while preparing to alight from defendant's bus. The judgment is affirmed.

The trial court's order granting a new trial was based upon the trial court's conclusion that appellant's converse instruction was erroneous because it did not correspond to the language of respondent's verdict-directing instruction. The converse instruction used the undefined term "negligent" which was not specifically used in the verdict director. The trial court relied upon *Frogge v. Nyquist Plumbing & Ditching Co.*, 453 S.W.2d 913, 917[6] (Mo. banc 1970) and *Oventrop v. Bi-State Development Agency*, 521 S.W.2d 488, 493–494[10] (Mo. App.1975) in its order granting new trial.

Appellant contends it was error for the trial court to grant a new trial because respondent's verdict-director was improper and therefore it was not error to give appellant's converse instruction, and because

cases relied upon by the trial court are distinguishable.[1] The points are disallowed.

Upon review of a trial court's award of a new trial because a defendant's jury instructions were erroneous, whether an instruction is erroneous is a question of law to be determined upon the record presented and is not a matter within the trial court's discretion. *Bayne v. Jenkins,* 593 S.W.2d 519, 530[6–8] (Mo. banc 1980).

The respondent's verdict-directing instruction was as follows:

"INSTRUCTION NUMBER 5

Your verdict must be for the plaintiff if you believe:

First, there was a difference in height between the bus's floor covering and the covering near the rear steps of the bus and as a result the area near the rear steps was not reasonably safe for the use of passengers, and

Second, defendant knew, or by using the highest degree of care should have known, of the existence of this condition, and

Third, defendant failed to use the highest degree of care to make the area near the rear steps reasonably safe, and

Fourth, as a direct result of such failure, plaintiff was injured.

The phrase 'highest degree of care' as used in this instruction, means that degree of care that a very careful and prudent person would use under the same or similar circumstances."

The appellant's converse instruction which the trial court found improper read:

"Instruction No. 6

Your verdict must be for defendant unless you believe that defendant was negligent as submitted in Instruction No. 5."

Appellant's converse instruction was modeled upon MAI 33.03(2).[2] No instruction defining the term "negligent" was given to the jury.

■ Converse instructions which utilize the "if you do not believe" language followed by one or more propositions submitted by the verdict director, must utilize substantially the same language as the verdict director. *Frogge v. Nyquist Plumbing & Ditching Co., supra;* *Brewer v. Swift Co.,* 451 S.W.2d 131, 133[1] (Mo. banc 1970); *Oventrop v. Bi-State Development Agency, supra* at 494[10].

■ The general comment on converse instructions contained in MAI 33.01 and the Notes on Use of MAI 33.03 caution against selecting a complete converse instruction from the forms provided which utilize the term "negligent," because the language of the verdict director in the particular litigation is likely to differ from the language used in the forms. The general comment and notes on use caution that the form for the converse instruction, other than the introductory "unless you believe" phrase, is the verdict director itself.

Appellant's converse instruction employs the undefined term "negligent" although respondent's verdict-directing instruction does not require a finding of negligence or that appellant was negligent, but instead that defendant failed to use the highest degree of care. Appellant's converse instruction was improper because it would allow the jury to find for the defendant upon finding a proposition not submitted by the verdict director. This is in contravention to the requirement that the converse instruction be in substantially the same lan-

---

1. In its brief, appellant has divided its argument into two points relied on. The second of these points relied on is that the "*Frogge* and *Oventrop* cases are distinguishable from the instant case." The point is an abstract statement of law which does not undertake to relate itself to trial court action, in violation of the requirements of Rule 84.04(d). *Egan v. St. Louis-San Francisco Railway,* 581 S.W.2d 939, 940[1] (Mo.App.1979); *Payne v. St. Louis*

*Grain Corp.,* 562 S.W.2d 102, 104[1] n. 1 (Mo. App.1977). It is obvious appellant's second point is actually a continuation of its argument in its first point relied on, although denominated as a second point, and will be treated accordingly in this opinion.

2. References are to MAI Civil, 2d Edition, 1980 Supplement unless otherwise noted.

guage as the verdict director. *Frogge v. Nyquist Plumbing & Ditching Co., supra; Brewer v. Swift & Co., supra; Oventrop v. Bi-State Development Agency, supra* at 493–494[10].

Appellant seeks to distinguish the above-cited cases upon the ground that respondent was not prejudiced by appellant's converse instruction because the issues in the case under review were simple. Appellant's distinction is not persuasive. Its case is no less complex than the cases cited. *Frogge v. Nyquist Plumbing & Ditching Co., supra* (plaintiff's automobile came to sudden stop in ditch across street); *Brewer v. Swift & Co., supra* (plaintiff fell between platforms); *Oventrop v. Bi-State Development Agency, supra* (plaintiff fell on bus which suddenly stopped). The prejudice to the respondent arises from the fact that appellant's converse instruction allows the jury to find for appellant upon a proposition not submitted by respondent's verdict director. *Frogge v. Nyquist Plumbing & Ditching Co., supra; Brewer v. Swift & Co., supra; Oventrop v. Bi-State Development Agency, supra.*

Appellant also argues that respondent's verdict-directing instruction was improper and that, therefore, respondent was free to submit its version of the law in a true converse instruction. Appellant's contention is that respondent used the phrase "failed to use the highest degree of care" which is synonymous with "negligence" and that the failure to use the word "negligence" made respondent's instruction improper, justifying appellant's reference to the failure to find appellant "negligent." Neither appellant nor research has disclosed any authority for this argument. Appellant's point is denied.

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.