583 A.2d 512

**Oscar JONES and Marcella Jones, his wife, Appellants,**

**v.**

**PORT AUTHORITY OF ALLEGHENY COUNTY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 1, 1990.

Decided Dec. 4, 1990.

446

James J. Lestitian, Pittsburgh, for appellants.

Michael E. Flaherty, Elliott, Mannino & Flaherty, P.C., Pittsburgh, for appellee.

Before DOYLE and SMITH, JJ., and BARRY, Senior Judge.

## OPINION

BARRY, Senior Judge.

Oscar and Mary Jones, husband and wife (sometimes here referred to as appellants), appeal an order of the Court of Common Pleas of Allegheny County which entered judgment for the defendant, the Port Authority of Allegheny

County (PAT), following a jury verdict in favor of PAT and the denial of the Jones' post-trial motions.

Oscar Jones testified that he was injured on a PAT bus. He testified that he had entered the bus and was climbing the stairs to the platform on which the seats were located. Before reaching the platform, the bus pulled out and stopped suddenly. According to Mr. Jones' testimony the doors to the bus had not closed at the time of the accident. He testified that he injured his arm in the incident. PAT posited at trial that the accident never occurred. It took the further position that, if the incident actually happened, there was no negligence on the part of PAT's driver. The jury brought a verdict in favor of PAT. Appellants filed post-trial motions which were denied. This appeal followed.

Appellants make three allegations of error, all of which deal with the trial court's charge to the jury. Because we believe that the court's charge was deficient, we will vacate the court's order and remand for a new trial.

Appellants first argue that the trial court erred in refusing to charge the jury that PAT, as a common carrier, owes the highest duty of care to its fare paying passengers. The trial court charged the jury as follows on this question:

Now, the Port Authority or the Defendant—I probably referred to it as the Defendant—owes a duty to passengers to operate the vehicles in which the passengers are boarding and which they are situate, to use that degree of care which they hold itself out to possess.

Now, this degree of care is different than would be for an ordinary person. An ordinary person doesn't say, look. We're specialists in transporting you from point A to point B in a safe manner, but the Port Authority holds itself out to be an instrumentality that is transporting people and that they possess the skill and the knowledge and the training to do this in safety; and this is a duty they owed to Mr. Jones on this particular day in 1986 when he was allegedly injured or as he contends he was injured.

Now, if they breach this duty, if they didn't exercise the degree of care that a reasonably prudent person would who's in the position of the Port Authority, then they would be negligent; ....

Now, the Port Authority as I understand their position does not contest the fact that it is in the business of transporting people, that it holds itself out to possess the necessary skills in order to do so in safety....

(Trial transcript, 9/27/89, pp. 117–19).

Section 3.05 of the Pennsylvania Suggested Standard Civil Jury Instructions contains the following instruction regarding common carriers.

The defendant in this case is a common carrier who is required by law to use a higher degree of care for the safety of its passengers than that ordinarily imposed on others and must be judged by a much stricter standard. Although this legal duty does not make the carrier absolutely responsible for the plaintiff's safety in all cases, it does obligate this carrier to exercise the highest degree of diligence and care in the (operation of its vehicle) and the (maintenance of its equipment and facilities). Any failure of the defendant to use such care under all of the circumstances of the particular situation in this case is negligence.

In *Burch v. Sears, Roebuck and Co.*, 320 Pa. Superior Ct. 444, 467 A.2d 615 (1983), the court held that a trial court is to be given broad latitude in the choice of language used in charging a jury. Nevertheless, if the trial court's charge does not adequately explain the principle involved, a new trial must be granted. *Yurkonis v. Dougherty*, 382 Pa. 387, 115 A.2d 193 (1955).

The law has long been well settled that a common carrier owes a heightened duty of care to its fare paying passengers. Over a century ago, the Supreme Court held that such a common carrier owed the duty of "extraordinary care." *Philadelphia and Reading R.R. Co. v. Boger*, 97 Pa. 91, 101 (1881). Cases of a more recent vintage have used the language "highest degree of care" as suggested

by the Standard Civil Jury Instructions. *Connolly v. Philadelphia Transportation Co.*, 420 Pa. 280, 283, 216 A.2d 60, 62 (1966); *Whitley v. Philadelphia Transportation Co.*, 211 Pa.Superior Ct. 288, 292, 234 A.2d 922, 924 (1967); *Kneisler v. Unemployment Compensation Board of Review*, 52 Pa.Commonwealth Ct. 70, 73, 418 A.2d 774, 776 (1980).

■ All of the appellate courts of this Commonwealth have made clear that a common carrier owes the "highest duty of care" to its passengers. While the trial court attempted to explain the heightened level of care, we do not believe that attempt was sufficient, when we review the charge in its entirety as we must. *Segriff v. Johnston*, 402 Pa. 109, 166 A.2d 496, *cert. denied*, 366 U.S. 941, 81 S.Ct. 1669, 6 L.Ed.2d 851 (1961). Accordingly, a new trial must be granted.

PAT argues that it is not an insurer of its passengers' safety. While one cannot argue with that proposition, here the appellants specifically referred to Section 3.05 of the Standard Civil Jury Instructions in their written points for charge which section clearly states that principle. PAT also argues that appellants' proposed instruction failed to compare the common carriers' heightened duty with any standard of care. Again, Section 3.05 answers this exact question and further makes clear that a common carrier is held to "much stricter standard." As we have already stated, in our view, the trial court's charge failed to explain PAT's heightened duty.

■ We also believe the trial court erred in refusing another of the appellants' requested points for charge. Appellants requested that the jury be charged as follows:

4. It is the practice of the Port Authority drivers to close the bus doors before they move the bus. If you find that the Port Authority bus driver did not close the doors before moving the bus and that he acted against the prevailing practice of the Port Authority, you may infer negligence from this action by the bus driver....

5. You may also consider in determining negligence on the part of the driver the safety rules which the Port Authority has promulgated for its employees and whether or not these rules were followed in this particular instance. One of the safety rules promulgated by the Defendant was that all doors must be shut before pulling forward. If you find that the bus driver pulled out from the bus stop with passengers still coming up the steps without closing the door, then you may consider this violation of the safety rules of the Port Authority as evidence of negligence....

(Plaintiffs' points for charge).

In its opinion, the court explained its refusal of these points.

Whether the door was open or closed is not relevant inasmuch as it was not the alleged cause of the plaintiff's injury. Here the plaintiffs contend that they sustained injuries because of the sudden jolt which caused the plaintiff to twist around the safety pole. There is no evidence from which the jury could have found that the defendant's negligence was the proximate cause of the accident causing them injuries.

(Trial court's opinion, p. 4.)

■ The appellants' theory at trial, and restated at oral argument before this Court, was that Mr. Jones was still on the steps of the bus when the alleged incident occurred. Because he was climbing the steps, his balance is not what it would have been had he reached the platform containing the seats, thereby causing his injuries. The question of proximate or legal cause is one of fact and, therefore, within the exclusive domain of the fact finder, i.e., the jury. *Hamil v. Bashline*, 481 Pa. 256, 392 A.2d 1280 (1978). While the court may remove this question from the jury's consideration when reasonable men could not differ on the issue, *Id.*, we do not believe the trial court was warranted in

taking this question from the jury.[1]

## ORDER

NOW, December 4, 1990, the order of the Court of Common Pleas of Allegheny County, dated March 1, 1990, entering judgment at No. GD87–07190, is vacated and the matter is remanded for a new trial.

Jurisdiction relinquished.

DOYLE, J., dissents.

---

1. Because of our disposition of the first two allegations of error of the appellants, we need not discuss the trial court's failure to specifically charge on the doctrine of *respondeat superior*.