KATHY MANUS, Plaintiff-Appellant, v. TRANS STATES AIRLINES, INC., Defendant-Appellee.

Fifth District    No. 5—02—0134

Opinion filed July 1, 2005.

GOLDENHERSH, J., specially concurring.

John Womick, of Womick Law Firm, Chtrd., of Carbondale, for appellant.

James B. Bleyer, of Bleyer & Bleyer, of Marion, and Curtis R. Picou and Carl W. Lee, both of Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville, for appellee.

JUSTICE KUEHN delivered the opinion of the court:

The plaintiff, Kathy Manus, filed suit against the defendant, Trans States Airlines, Inc., in the circuit court of Williamson County, Illinois. After a trial, a jury returned a verdict in favor of the defendant. On appeal, the plaintiff raises the issue of whether the trial court commit-

ted reversible error by not properly instructing the jury on the duty owed by the defendant. We affirm.

## FACTS

The plaintiff filed suit against the defendant and alleged injuries incurred at the Williamson County airport on July 2, 1998. The plaintiff alleged that she had injured herself exiting an airplane. According to the plaintiff, when the airplane door opened, stairs extended into place and a stool was placed at the bottom of the steps by an agent of the defendant. The plaintiff alleged that she injured herself when she fell and landed on the tarmac as she was attempting to step on the stool. She alleged that it was the defendant's policy to have an employee positioned at the base of the staircase to assist exiting passengers and that there was no employee positioned there at the time of her fall.

The plaintiff presented testimony from Mike Comer, an employee of the defendant. Comer testified that at the time of the incident he was assigned the task of standing at the base of the staircase. Comer testified that he was not at the base of the staircase when the plaintiff fell. Instead, Comer was walking toward the terminal and turned around to see the plaintiff fall.

The court presented instructions concerning the duty the defendant owed to the plaintiff. The jury was given the defendant's modified instruction based upon Illinois Pattern Jury Instructions, Civil, No. 100.01 (1995):

> "At the time of the occurrence in question, the Defendant, Trans States Airlines, Incorporated, was a common carrier. A common carrier is not a guarantor of its passengers' safety, but it has a duty to its passengers to use the highest degree of care consistent with the mode of conveyance used and the practical operation of its business as common carrier by air. Its failure to fulfill this duty is negligence."

The plaintiff tendered the following definition:

> "When I use the term 'highest degree of care,' I mean extraordinary care, care more than the ordinary. It means the same as the greatest care or utmost care."

The court rejected the plaintiff's tendered instruction. The jury rendered a verdict in favor of the defendant. The plaintiff appeals.

## ANALYSIS

■ The plaintiff claims that the trial court erred in its instructions regarding the standard of care owed by the defendant. The court presented the defendant's pattern instruction on the duty of a common carrier to a passenger. Illinois Pattern Jury Instructions, Civil,

No. 100.01 (1995) (hereinafter IPI Civil (1995)). Supreme Court Rule 239(a) requires the use of pattern instructions unless a court determines that an instruction does not accurately state the law. 177 Ill. 2d R. 239(a); *Schultz v. Northeast Illinois Regional Commuter R.R. Corp.*, 201 Ill. 2d 260, 273, 775 N.E.2d 964, 972 (2002).

Specifically, the plaintiff contends that the trial court should have separately instructed the jury on the definition of "highest degree of care," as the court typically does in "ordinary care" situations pursuant to IPI Civil (1995) No. 10.02.

■ This court has previously found there was no need to define "highest degree of care." *Lockett v. Board of Education for School District No. 189*, 198 Ill. App. 3d 252, 267, 555 N.E.2d 1055, 1065 (1990). In *Lockett*, a child was injured when he was struck by glass after an object was thrown at an open window of a school bus. The jury was instructed that the defendant owed a duty to exercise the highest degree of care. The plaintiffs contended that "highest degree of care" was a technical legal term that required a definition to be presented to the jury. *Lockett*, 198 Ill. App. 3d at 267, 555 N.E.2d at 1065. The court concluded:

> "The term 'highest degree of care' as used in the instruction given to the jury is not so technical or arcane as to require explanation. Any attempt to further define or explain the term would have quite possibly led to confusion and error. Accordingly, it is our opinion that the court did not err in refusing plaintiffs' tendered instruction." *Lockett*, 198 Ill. App. 3d at 267, 555 N.E.2d at 1065.

In essence, the plaintiff does not contend that the issue instruction was incorrect, only that the instructions were incomplete. The standard for deciding whether the trial court abused its discretion is whether, taken as a whole, the instructions fairly, fully, and comprehensively apprised the jury of the relevant legal principles. *Schultz*, 201 Ill. 2d at 273-74, 775 N.E.2d at 972-73. A court is to give nonpattern instructions when the pattern instructions do not contain a proper instruction on a subject. *Mikus v. Norfolk & Western Ry. Co.*, 312 Ill. App. 3d 11, 32, 726 N.E.2d 95, 111 (2000).

The plaintiff contends that the inherent contradiction and error contained in the instructions is its use of the term "highest degree of care." The plaintiff contends that the failure to define the term misled the jury into concluding that the defendant's duty, in effect, was the same as in a typical negligence claim. The jury was instructed that the defendant had a duty to use the highest degree of care and that a failure to fulfill this duty would be negligence. IPI Civil (1995) No. 100.01. The phrase "highest degree of care" was not defined. The plaintiff contends this is misleading considering that negligence is

usually understood to consist of a duty to exercise ordinary care. The jury was not instructed on the issue of ordinary care.

■ The standard of care for a carrier is not ordinary care. Under Illinois law, a common carrier for hire owes a duty to exercise the highest degree of care for its passengers. *Katamay v. Chicago Transit Authority*, 53 Ill. 2d 27, 29, 289 N.E.2d 623, 625 (1972); *Cooper v. Bi-State Development Agency*, 158 Ill. App. 3d 19, 24-25, 510 N.E.2d 1288, 1292 (1987). As a result of the unique control it possesses over the safety of its passengers, a common carrier owes its passengers the highest degree of care consistent with the mode of conveyance adopted and the practical operation of its business. *De Bello v. Checker Taxi Co.*, 8 Ill. App. 3d 401, 405, 290 N.E.2d 367, 370 (1972).

■ We believe that the plaintiff's counsel did not veer from standard pattern instructions in order to enlighten the jury with a better, or even more complete, statement of the law. His version was simply another statement of the same law, worded differently to suit him. Apparently, he felt that his modification of a well-settled instruction would pave an easier path to a favorable verdict, a path already made simple, albeit not a foregone conclusion, by the duty instruction that he attempted to alter. We find nothing incomplete in the pattern instruction on a common carrier's duty of care. The term "highest degree of care" needs no further definition. Care described in that fashion is conceivably more care than "extraordinary care." While "utmost care," "greatest care," or even "quintessential care" might offer appropriate synonyms for "highest degree of care," the adjectives are superfluous. There can be no amount of care *higher* than the *highest* degree of care.

Further adjectives were simply unnecessary to a proper understanding that common carriers shoulder a heightened duty of due care to the traveling public. Moreover, there was another reason for Judge Speroni's adherence to the standard instruction and his rejection of the modified instructions tendered by the plaintiff. In addition to his desire to use extra adjectives to describe the duty of care, the plaintiff's counsel wanted the last sentence of IPI Civil (1995) No. 100.01 to read, "Its failure to use this degree of care would be a breach of its duty."

While the language of the proposed modification is a correct statement, we are unable to discern, nor have we been told during this appeal, how the proposed alteration of the pattern instruction would better explain the law to the jury. This additional proffered instruction was a part of the equation that resulted in an adherence to the pattern instruction.

The plaintiff argues that providing only the pattern instruction on

the issue would confuse the jury. Somehow, the jury would believe that the defendant only owed an ordinary duty of care when it was told that a failure to exercise the highest degree of care would be negligence. We fail to understand how a plaintiff could complain about an instruction that tells jurors that a defendant must exercise the highest degree of care toward the plaintiff or be guilty of negligence. We find no basis to conclude that the instruction as given did not fairly, fully, and comprehensively apprise the jury of the relevant legal principles.

■ The plaintiff also argues that defense counsel engaged in inappropriate conduct during closing argument by injecting statements of personal beliefs and opinions. Generally speaking, the injection of such statements is improper. See *Ryan v. Blakey*, 71 Ill. App. 3d 339, 389 N.E.2d 604 (1979).

Specifically, defense counsel likened the plaintiff's attorney to a used-car salesman, to which there was no objection. Additionally, there was a reference to defense counsel's own experience in twisting an ankle during sporting events. Defense counsel also referred to the plaintiff's action as a "misstep" and argued the plaintiff's familiarity with the plane. Defense counsel also argued that the plaintiff bore a high burden of proof.

To the extent that the plaintiff's counsel failed to object, those matters are waived. *Hubbard v. Sherman Hospital*, 292 Ill. App. 3d 148, 156, 685 N.E.2d 648, 654 (1997). Furthermore, whether an unobjected-to argument denied the plaintiff a fair trial is a matter within the trial court's sound discretion, and that discretion will not be disturbed unless it was clearly abused. *Ellington v. Bilsel*, 255 Ill. App. 3d 233, 239, 626 N.E.2d 386, 390 (1993). Nothing argued in the brief or at oral argument leads us to overturn the trial judge's exercise of sound discretion on those matters.

All but two of the remaining comments made by defense counsel were objected to by the plaintiff's attorney and were sustained by the trial court. A trial court's prompt action in sustaining an objection generally cures any prejudice resulting from improper comments. *Smith v. Seiber*, 127 Ill. App. 3d 950, 957, 469 N.E.2d 231, 236 (1984).

The trial court overruled the objection relative to defense counsel's argument that likened the plaintiff's accident to twisting his ankle as he "used to do *** all the time in sports and basketball." Additionally, the trial court overruled the objection that the plaintiff's counsel had done a wonderful job with the facts of this case and that he had a high burden of proof to reach. In both cases, the trial court noted that the arguments were fine in the context of a closing argument.

We give considerable deference to the trial court on matters such

as these because the trial court saw the presentation of evidence and heard the arguments of counsel and was therefore in a far superior position to assess the accuracy and prejudicial effect that those arguments might have had upon the jury. See *Decker v. Domino's Pizza, Inc.*, 268 Ill. App. 3d 521, 531, 644 N.E.2d 515, 522 (1994).

From our review of the evidence, it appears that defense counsel's comment regarding the possibility that the plaintiff merely twisted her ankle was supported by that evidence as a possible cause. While it was not proper for defense counsel to comment about twisting his own ankle, given the wide latitude allowed in argument we cannot find fault in the trial court's ruling on the objection and otherwise do not find that the comment was so prejudicial to have denied the plaintiff a fair trial.

Overruling the objection to defense counsel's comments that emphasized the plaintiff's burden of proof was not improper given the context of this case. We find no error in the trial court's ruling.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Williamson County is hereby affirmed.

Affirmed.

HOPKINS, J., concurs.

JUSTICE GOLDENHERSH, specially concurring:

Plaintiff contends that the inherent contradiction and error contained in the instructions was in the use of the term "highest degree of care." She contends that the failure to define the term misled the jury into concluding that defendant's duty, in effect, was the same as in a typical negligence claim. The jury was instructed that defendant had a duty to use the highest degree of care and that a failure to fulfill this duty would be negligence. IPI Civil (1995) No. 100.01; Illinois Pattern Jury Instructions, Civil, No. 100.01 (2000) (hereinafter IPI Civil (2000)). The phrase "highest degree of care" was not defined. Plaintiff contends this is misleading, considering that negligence is usually understood to consist of a duty to exercise ordinary care.

The expression "highest degree of care" is a legal phrase that should be defined. The phrase is similar to other legal terms that have a specific legal meaning. See *Assise v. Dawe's Laboratories, Inc.*, 7 Ill. App. 3d 1045, 1049, 288 N.E.2d 641, 644 (1972) (a failure to define "wilful"); *Shore v. Turman*, 63 Ill. App. 2d 315, 322, 210 N.E.2d 232, 235 (1965) (a failure to define "intoxication"). The standard of care

owed by a party in other situations is defined by pattern instructions, for example, "ordinary care" and "willful and wanton conduct." IPI Civil (2000) Nos. 10.02 ("Ordinary Care—Adult—Definition"), 10.05 ("Ordinary Care—Minor—Definition"), 14.01 ("Willful and Wanton Conduct—Definition"). Illinois pattern instructions are also offered for terms essential for determining liability. See, *e.g.*, IPI Civil (2000) No. 500.02 ("Definition—'Active Conduct'—'Passive Conduct' ").

The necessity of defining legal terms was discussed in *Rikard v. Dover Elevator Co.*, 126 Ill. App. 3d 438, 441, 467 N.E.2d 386, 388 (1984). In *Rikard*, reversible error was committed when the trial court failed to instruct the jury of the burden of proof to be applied. In language applicable to the case at hand, the court stated:

> "It is elementary that the court instructs the jury in the law and the jury finds the facts and applies them to the law. Without basic instructions, each juror would be free to make his or her own interpretation of the law. Instructions provide jurors with a uniformity of approach in the application of the facts to the law." *Rikard*, 126 Ill. App. 3d at 440, 467 N.E.2d at 387.

The court pointed out that a failure to properly instruct a jury left open the possibility that a juror applied an incorrect standard, possibly applying a burden from a prior case on which the juror had sat. *Rikard*, 126 Ill. App. 3d at 441, 467 N.E.2d at 388.

Likewise, the possibility of confusion in this case is increased by the use of the term "negligence." The definition for "negligence" involves a failure to exercise ordinary care. IPI Civil (2000) No. 10.01 ("Negligence—Adult—Definition"). In typical negligence cases, the jury is instructed on the meaning of "ordinary care." IPI Civil (2000) No. 10.02 ("Ordinary Care—Adult—Definition"). In those cases, providing the definition of "ordinary care" ensures that the jury will be informed of the applicable law and that the law will be applied uniformly. In contrast, the failure to define the legal phrase "highest degree of care" leaves open the possibility of confusion and disparate application.

Other jurisdictions have ruled that confusion about the meaning of "highest degree of care" in jury instructions constitutes reversible error. *Wood v. Groh*, 269 Kan. 420, 426, 7 P.3d 1163, 1169 (2000) ("There is a substantial difference between the two standards proposed: ordinary care or the highest degree of care. Other jurisdictions considering instructional errors concerning the standard of care to be applied by the jury in its evaluation of the defendant's conduct have concluded that such error requires reversal"); *Jones v. Port Authority of Allegheny County*, 136 Pa. Commw. 445, 449, 583 A.2d 512, 514 (1990) (considering the instructions as a whole, the trial

court failed to adequately explain the highest duty of care); *Urban v. Minneapolis Street Ry. Co.*, 256 Minn. 1, 6, 96 N.W.2d 698, 701 (1959) (holding that the instructions were confusing because the jury was likely to evaluate the defendant's actions under an "ordinary care" standard rather than the "highest degree of care" standard); see also *Kindle v. Keene*, 676 S.W.2d 82, 84 (Mo. App. 1984); *Doyle v. Bi-State Development Agency*, 628 S.W.2d 695, 697 (Mo. App. 1982) (explicitly rejecting an argument that the terms "negligence" and "highest degree of care" are synonymous and need not be separately defined).

Defendant contends that the instruction offered by plaintiff would lead a jury to believe that this is not a case involving negligence but, rather, one of strict liability. Plaintiff in this case tendered the following definition:

> "When I use the term 'highest degree of care,' I mean extraordinary care, care more than the ordinary. It means the same as the greatest care or utmost care."

Defendant contends that this is essentially strict liability, because the jury could conclude that if there were anything more that defendant could have done to prevent plaintiff's injury, then defendant has breached a duty. I disagree. With plaintiff's proposed definition, which does not mention or imply strict liability, the jury would be fully informed of the existence of the degrees of care and which degree was appropriate in this case. The failure to so define in this case in which the jury is instructed to determine if a party is "negligent" invites confusion.

Plaintiff's proposed instruction is consistent with the law. Defendant did not object to the proposed instruction to the trial court except on the ground that the definition was not an Illinois pattern instruction. See *Balestri v. Terminal Freight Cooperative Ass'n*, 76 Ill. 2d 451, 456, 394 N.E.2d 391, 393 (1979). The proposed instruction informed the trial court of the problem, accurately stated the law, and preserved the issue for appeal.

The need to properly instruct the jury is particularly acute in regard to the standard of care.

> "A jury instruction which erroneously defines the standard of care to be applied in a personal injury case constitutes reversible error." *Fravel v. Morenz*, 151 Ill. App. 3d 42, 45, 502 N.E.2d 480, 482 (1986), citing *Cooper v. Cox*, 31 Ill. App. 2d 51, 57, 175 N.E.2d 651, 654 (1961).

The inclusion of a proper instruction does not cure the error if the jury might still be misled regarding the definition of the standard of care. See *Fravel*, 151 Ill. App. 3d at 46, 502 N.E.2d at 482; *Seibert v. Grana*, 102 Ill. App. 2d 283, 285, 243 N.E.2d 538, 540 (1968); *Milford*

*Canning Co. v. Central Illinois Public Service Co.*, 39 Ill. App. 2d 258, 263, 188 N.E.2d 397, 400 (1963). The failure to define "highest degree of care" in a context where the jury is asked whether a party is negligent is inviting confusion.

The majority relies on our opinion in *Lockett v. Board of Education for School District No. 189*, 198 Ill. App. 3d 252, 555 N.E.2d 1055 (1990), for the proposition that it was not error to refuse a definitional instruction for the term "highest degree of care." The *Lockett* instruction given, however, did not include the word "negligence," while the given instruction in the instant case does. *Lockett* does not prohibit a definitional instruction, and one that accurately states the law, as does plaintiff's proposed instruction, does not run afoul of *Lockett* and is consistent with *Balestri*.

All this being said, I fully recognize that a circuit judge has a fairly wide range of judgment concerning jury instructions. The primary touchstone is care that the instructions accurately state the law, do not confuse or mislead, are not contradictory, and follow and build on the foundation of Illinois pattern instructions. In this case, the judge also had our opinion in *Lockett*. While for the reasons stated above I conclude that plaintiff's proposed instruction should have been given, I would be hard-pressed to say that Judge Speroni abused his discretion or committed an error of law in refusing the proposed instruction. Instead, we should consider overruling *Lockett*.

Accordingly, I specially concur.