**Ann M. Frank, Plaintiff-Appellant, v. Raymond W. Davies, Defendant-Appellee.**

**Gen. No. 49,981.**

First District, Third Division.

January 6, 1966.

Rehearing denied January 31, 1966.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

William J. Harte and John A. Doyle, of Chicago, for appellant.

Treacy and Garbutt, of Chicago (E. J. Garbutt and Basil DeMeur, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a judgment entered on a jury verdict for Raymond W. Davies, now known as the defendant, in a personal injury case. The parties to this suit were involved in a head-on automobile collision.

Davies was originally the plaintiff, and Ann M. Frank (now known as the plaintiff) was the defendant and counterclaimant. The claim of Davies against Frank was disposed of and the suit then proceeded solely on the counter-claim of Frank against Davies, Frank being called the plaintiff and Davies called the defendant. In order that the jury might not suspect that Frank's claim had originally been a counter-claim and that Davies' claim had been settled, the court entered the following order:

> "[A] protective order is hereby entered admonishing both the attorneys . . . that on and during the trial of the counterclaim in the above captioned law suit that no reference of any kind is to be made by the attorneys for the respective parties herein that any discussions of any kind was had of settlement or that a settlement was made or consummated in this law suit or that any cause of action other than the counterclaim was ever a part of this law suit."

Thus Frank now seeks to recover from Davies for her injuries in the same action in which Davies had a claim against her which was disposed of without trial.

Plaintiff does not contend that the verdict was against the preponderance or manifest weight of the evidence. She contends that this was a close case on the facts and hence errors in the course of the trial should be carefully scrutinized by this court. The essential facts are as follows: The collision took place as plaintiff and defendant were proceeding in opposite directions on a two-lane highway. Both cars came to rest on defendant's side of the road. A disinterested witness who had been traveling in a car immediately behind plaintiff's car testified that plaintiff, driving at an irregular speed and weaving back and forth, went off the road to the right and spun back into the defendant's lane, where

273

she struck defendant. Defendant testified that plaintiff's car came across to his side of the road and struck him. A sheriff's deputy who investigated the accident testified that the debris was almost entirely on the defendant's side. A private accident investigator who interviewed plaintiff in her hospital room testified that plaintiff admitted that the accident took place on defendant's side. As against this, plaintiff was the only witness on her behalf. She testified that her car wheels ran onto the shoulder of the road and as she was returning to the pavement, the defendant who had been approaching in a zigzag fashion struck her on her side of the road. The cars, she says, then swung around and made a second impact on defendant's side. It is our conclusion that the case is not close, but that the evidence strongly preponderates in favor of defendant.

■ The first error charged is violation of the pretrial order. This is based on questions put to plaintiff by defendant's counsel, in which he inquired whether plaintiff had learned the defendant's name from somebody who "served some papers on you on behalf of Mr. Davies," and also on counsel's statement in his closing argument that:

> "this was a very serious accident not only for Mrs. Frank but also for Mr. Davies. . . . You can't hear about damages of Mr. Davies . . . because this is Mrs. Frank's case against him. You can sue me, and I can sue back, and that's the way it is in our country."

The evident purpose of the order was to preclude reference to the settlement of the original claim. It does not forbid mention of a suit by Davies against Frank so long as it is not shown that such suit was "a part of this law suit" and by inference must have been settled. Neither the questions referred to nor the statement in

the closing argument indicated that Davies had sued Frank and that a suit by Davies was a part of this case.

 Plaintiff contends that the introduction of a photograph of the accident scene, which shows that defendant as well as plaintiff was injured, was prejudicial error. Plaintiff stipulated to the admission of the photograph. Likewise, no objection was made to a statement by defendant's counsel, now cited as error, that plaintiff was reluctant to bring in certain witnesses. Plaintiff argues that a question pertaining to a prior injury to plaintiff's head was improper. Her objection thereto was sustained. Plaintiff also contends that the private investigator who testified in behalf of defendant should not have been permitted to refer to a transcript of the hospital interview which was not admitted in evidence. He was plainly refreshing his recollection, and this was not error. Later in his testimony the witness actually read a short excerpt from the report, but no objection was made and the judge on his own motion put a stop to the reading. None of these matters which frequently occur in the course of a jury trial constitutes reversible error.

 Finally, plaintiff contends that it was error for the trial judge to refuse a proffered instruction defining the burden of proof which was based on the Illinois Pattern Instructions. In our country, the most litigious in the world, it is beyond belief that a jury would not know its meaning. In Brennan v. Leshyn, 51 Ill App2d 132, 142, 201 NE2d 167, the court had occasion to pass on this question and held that the term is so commonly used that a jury may be presumed to understand it.

The judgment is affirmed.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.