ELSIE RIKARD, Plaintiff-Appellant, *v.* DOVER ELEVATOR COMPANY *et al.*, Defendants-Appellees.

Fifth District   No. 5—83—0571

Opinion filed August 7, 1984.

Harris, Lambert and Wilson, of Marion, for appellant.

Dennis E. Rose, of Donovan, Hatch & Constance, of Belleville, for appellees.

JUSTICE JONES delivered the opinion of the court:

The plaintiff, Elsie Rikard, brought suit in negligence against the defendants, Dover Elevator Company, Ceder Elevator Company, Ceder Elevators and Equipment, Inc., and Martin A. Ceder, Inc., for personal injuries suffered when an elevator that she was using at the Marion Memorial Hospital malfunctioned. A jury found in favor of the defendants and against the plaintiff, and the trial court denied plaintiff's post-trial motion. Of the numerous issues plaintiff presents for appeal we need consider, in view of the disposition we make, only one of the issues she raises concerning the trial court's refusal to give plaintiff's instruction No. 1 (Illinois Pattern Jury Instruction (IPI), Civil, No. 1.03 (2d ed. 1971)), relating to proof by circumstantial evidence; No. 4 (IPI Civil No. 2.11), relating to evidence presented by the reading of depositions; No. 5 (IPI Civil No. 10.01), defining "negligence"; No. 6 (IPI Civil No. 10.02), defining "ordinary care"; No. 8 (IPI Civil No. 15.01), defining "proximate cause"; and No. 10 (IPI Civil No. 21.01), defining burden of proof.

Upon the trial court's refusal to give the instructions in question, the following colloquy ensued between defense counsel and the trial court:

"Attorney Rose: Your Honor, as the Court has indicated, that even though we made no objections to certain of Plaintiff's Instructions, [sic] does not intend to give them to the jury. We, at this time, would like to show that we not only do not object, but also tender the same instructions. More specifically, I am concerned that in a negligence case, if the Plaintiff's Instruction Number 5, which is the very definition of negligence, is not given, it gives the jury no standard on which to make their decision, no guideline, and, I think, that would be appropriate with respect to the definition or the burden of proof, jurors some having had criminal trials, some

having had civil, need to be told that there is some burden and that there is some standard, specifically, more probably true than not true. And while that, again, gives them leeway, it seems to be the law in Illinois, and, if we don't give them that, I am concerned that the record may be an admission, in terms of review. That's all, your Honor. I think that the time you would take to give them those instructions, and the possible consequences on them to either side, if a verdict is either high or low, could leave us in a very difficult position; both sides have invested quite a bit of time and money in this case and given the guidelines that have been basically accepted by the various Court systems, I'm just concerned that not giving them might open us up for appeal on a problem that we really need not have. There are enough matters in the case that, I think, are going to be difficult for us to do; and, so we would respectfully accept the Court's decision and ask to also tender those.

COURT: Jury instructions represent, probably, no more than an attempt by society to control the decision which is made by the jury. That does not mean that they are not instructed, with particularity, the two that you have focused on. The definition of negligence, as it is now, in Illinois, as it is now stated in I.P.I. 10.01 simply tells the jury, negligence is anything you say it is. On the burden of proof, that instruction is best left to counsel, in their summations. They may use that language, precisely, in their summation. If it is not used precisely, then I have the instruction form here that I can then, on my own motion, without notice, give to the jury."

It is elementary that the court instructs the jury in the law and the jury finds the facts and applies them to the law. Without basic instructions, each juror would be free to make his or her own interpretation of the law. Instructions provide jurors with a uniformity of approach in the application of the facts to the law. It is, likewise, elementary that different kinds of cases call for a different degree of persuasion to be met by the party who bears the burden of proof. In a negligence case the party hearing the· burden of proof must persuade the trier of fact that the proposition on which that party has the burden is, as IPI Civil No. 21.01 states, "more probably true than not true." In a criminal case the burden is, of course, the familiar one of proof beyond a reasonable doubt (Illinois Pattern Jury Instruction, Criminal, No. 2.03 (2d ed. 1981)). In a case involving termination of parental rights, however, evidence of the parent's un-

fitness must be clear and convincing. (*Blakey v. Blakey* (1979), 72 Ill. App. 3d 946, 391 N.E.2d 222.) Similarly, a claim based upon an alleged oral contract to make a will must be proved by clear, explicit, and convincing evidence. (*In re Estate of Shed* (1965), 58 Ill. App. 2d 196, 206 N.E.2d 121.) Other kinds of cases calling for a different degree of persuasion may be found. Indisputably, real distinctions exist among these burdens of persuasion. Jurors in any given case may well be aware of, or even have sat upon a jury in a prior case that called for, a standard of proof different from the one to be applied in the case before them.

■■ The defendant relies upon *Frank v. Davies* (1966), 66 Ill. App. 2d 271, 214 N.E.2d 297, and *Brennan v. Leshyn* (1964), 51 Ill. App. 2d 132, 201 N.E.2d 167, in both of which the court held that the trial court's failure to define burden of proof according to the IPI Civil instruction was not reversible error. In *Brennan* the court on review stated of the term that it "is commonly used and the jury may be presumed to know its meaning" (51 Ill. App. 2d 132, 142, 201 N.E.2d 167, 171). In *Frank*, which cites *Brennan*, the court commented, "In our country, the most litigious in the world, it is beyond belief that a jury would not know its meaning." (66 Ill. App. 2d 271, 275, 214 N.E.2d 297, 299.) Because of the varying burdens of proof that obtain in different kinds of cases we choose not to follow *Frank* and *Brennan*. Without being instructed as to the burden of proof to be applied in the case before them, jurors may well apply the wrong standard, albeit one with which they are familiar, to the extreme prejudice of a litigant. The disparity in the burdens of persuasion in the many kinds of cases that come before courts render it impossible to say that jurors, without instruction, would know the burden of proof to be applied in a particular case. Therefore, it is essential that jurors receive a definition or description of the applicable burden of proof.

■■ In this case that definition was not embodied in any of the other instructions given, and the failure to give plaintiff's instruction No. 10 defining the burden of proof constitutes reversible error, quite apart from the trial court's refusal to give the other instructions of which the plaintiff complains.

The trial court refused to instruct the jury upon the definition of "proximate cause." We note that proximate cause was a contested issue at trial. Thus, on remand it would be advisable for the trial court to give that instruction if it is tendered. Similarly, on remand it would be advisable for the trial court to instruct the jury upon the definition of "negligence." The trial court's statement at the in-

struction conference does not represent a correct statement of the law of instructions. Further discussion of the other instructions omitted by the trial court is unwarranted, as is discussion of the issues unrelated to instructions plaintiff presents for review.

Reversed and remanded.

WELCH, P.J., and KASSERMAN, J., concur.