## Stone v. York Haven Power Co.

C.P. of Dauphin County, nos. 3701 S 1994 and 858 S 1995.

*Edward E. Guido,* for plaintiffs Stone et al.
*John Statler* and *April L. Strang-Kutay,* for plaintiffs Meinsler et al.
*Joseph E. Phillips,* for defendants York Haven and Metropolitan Edison Companies.
*Michael R. Kelly* and *Dana Stevens Scaduto,* for defendants Meinsler et al..
*Steven K. Portko,* for additional defendant Falls Hotel.

*EN BANC,* TURGEON, LEWIS AND EVANS, *JJ.,* January 22, 1997

TURGEON, *J.,* January 22, 1997—Defendants bring a motion for summary judgment pursuant to Pa.R.C.P. 1035.2, 42 Pa.C.S. For the following reasons, the motion is denied.

## FACTS

On April 30, 1994, plaintiffs, Lynn Meinsler and Kenneth Stone, were boating on Lake Fredric on the Susquehanna River. The lake was created by the construction of the York Haven Power Plant dam. Defendants, Metropolitan Edison and York Haven, own and control the York Haven Power Plant and the Main Channel Dam. Met-Ed owns all of the outstanding shares of stock in York Haven. The lake is open to public use, free of charge. The men had allegedly been drinking and boating at fast speeds. It was late at night and a thunderstorm created low visibility. On May 1, 1994,

the boat was found stranded on the Main Channel Dam. The men were presumed dead.

## LEGAL DISCUSSION

A motion for summary judgment is appropriate when a review of all "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." An entry of summary judgment may be granted only in cases where the right is clear and free from doubt. In ruling on such a motion, the record must be viewed in a light most favorable to the non-moving party. *Demmler v. SmithKline Beecham Corp.,* 448 Pa. Super. 425, 430, 671 A.2d 1151, 1153 (1996).

Defendants claim immunity under the Recreation Use of Land and Water Act (68 P.S. §§477-1 to -6). The Act allows for immunity when an owner of land makes it available to the public for recreational purposes. Defendants were clearly the "owners" as defined in the statute. The Act defines an owner as "the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises." 68 P.S. §477-2. Met-Ed owns all the outstanding stock in York Haven and is therefore responsible for the operation and maintenance of the York Haven Power Plant and the Main Channel Dam. The lake is a direct result of these structures and is maintained by York Haven and Met-Ed. We therefore conclude, for purposes of this motion, defendant is an "owner" of this land. The land is recreational as defined in the Act because it is used for boating. 68 P.S. §477-2(3).

The issue is whether the lake can be considered land as defined in section 477-2 of the Act. The definition

of "land" includes water and watercourses. The lake area created by the dam is clearly water. However, our Supreme Court has limited the definition of land to *unimproved* land. *Rivera v. Philadelphia Theological Seminary*, 510 Pa. 1, 16, 507 A.2d 1, 8 (1986). The Act was not meant to limit liability for those who improve land and fail to upkeep the improvements thereby causing foreseeable injury. *Walsh v. City of Philadelphia*, 526 Pa. 227, 238, 585 A.2d 445, 450 (1991).

Creating a lake by constructing a dam is a substantial improvement to the land. The dam increases the value of the land and provides income to defendants. Furthermore, defendants have undertaken the responsibility to upkeep a safe water recreational area on the lake. Therefore, the defendants cannot claim immunity under the Act. We conclude it was "improved" land.

Defendants next argue that the plaintiffs have not sufficiently proven causation. However, "[t]he question of proximate or legal cause is one of fact and, therefore, within the exclusive domain of the fact finder, *i.e.*, the jury." *Jones v. Port Authority of Allegheny County*, 136 Pa. Commw. 445, 450, 583 A.2d 512, 515 (1990). (citations omitted) "The determination of whether the defendant's conduct was a substantial cause of the plaintiff's injury should not be taken from the jury if the jury may reasonably differ as to that determination." *Talarico v. Bonham*, 168 Pa. Commw. 467, 475, 650 A.2d 1192, 1196 (1994). (citations omitted)

The record, when viewed in the light most favorable to the non-moving party, shows there are issues of material facts. Whether there were adequate warning signs, buoys and navigational aids to warn of the dam, is disputed. Furthermore, the causal relationship between the inadequacy of this equipment and the accident is best determined by the jury.

Accordingly, we enter the following:

ORDER

And now, January 22, 1997, defendants' motion for summary judgment is hereby denied.